Argued March 25, decided April 29, 1913.

# WAGENAAR v. BEEMAN-WOODWARD COMPANY.

### (131 Pac. 1023.)

**Pleading—Answer—Supplemental Answer.**

1. Under L. O. L., Section 108, providing that plaintiff and defendant, respectively, may be allowed on motion to make a supplemental complaint or answer alleging facts material to the case occurring after the former complaint or answer, a defendant intending to rely upon a default judgment against a codefendant as a bar to a judgment against himself should do so by a supplemental answer.

**Judgment—Parties—Joint Obligation.**

2. Judgment for plaintiff on a joint note should be entered against all the defendants shown to be liable alike as between themselves and the plaintiff.

**Appeal and Error—Modification—Constitutional Provisions.**

3. Under the authority of Article VII, Section 3 of the Constitution, approved November 8, 1910, this court, when it can determine that the lower court should have entered a judgment against all the defendants in an action on a note, should change the judgment of the lower court so as to make it one judgment against all the defendants.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action at law by Peter Wagenaar against the Beeman-Woodward Company, a corporation, P. P. Clodius, Julius Beeman and Milton G. Smith, to re-

cover the amount due on a promissory note executed by the defendants, of which here follows a copy:

"$3000.                    Portland, Ore., 10–7–1908.

"One year after date we promise to pay to the order of Peter Wagenaar $3000 at Ritzville, Washington, value received with interest at 10 per cent per annum.

"BEEMAN-WOODWARD CO.,

"By RUFUS C. HOLMAN, Treas.

"LEWIS V. WOODWARD, Vice-Pres.

"MILTON G. SMITH.

"P. F. CLODIUS.

"JULIUS BEEMAN.

"Due 10–7–1909."

The execution and delivery of the note are substantially admitted by the defendants. Milton G. Smith, the only answering defendant, interposes as his single affirmative defense substantially this: That he signed the note only for the accommodation of the Beeman-Woodward Company, knowing which the plaintiff and other creditors of the company entered into an agreement with it whereby it should surrender all its property to one S. C. Spencer with power to reduce the same to money, and apply it on the debts of the company to the subscribing creditors which should thereby discharge all those debts. Smith claims that this exonerates him from all liability on the note. The affirmative defense was traversed by the reply. The Circuit Court found that the plaintiff never signed the contract or agreement mentioned, although a number of other creditors of the Beeman-Woodward Company did sign it. A judgment was entered for the plaintiff according to the prayer of his complaint, and the defendant Smith appeals.                    MODIFIED.

For appellant there was a brief over the names of *Messrs. Watson & Beekman,* with an oral argument by *Mr. Edward B. Watson.*

For respondent there was a brief over the names of *Messrs. Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Schuyler C. Spencer.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It appears in the abstract that the cause was at issue between the plaintiff and the defendant Smith on July 8, 1910, when the reply was filed traversing all the allegations of the answer. The summons was served on the defendant Beeman by publication and on October 10, 1910, the court entered Beeman's default together with a judgment against him as demanded in the complaint with an order to sell certain attached real property belonging to him. It is argued by Smith that, inasmuch as the note sued upon was a joint obligation and not joint and several, the court by rendering a judgment against Beeman on his default discharged Smith, and that the subsequent judgment against the latter was at least erroneous. If Smith had intended to rely upon the Beeman judgment as a bar to a judgment against himself, he should have taken advantage of it by a supplemental answer. By Section 108, L. O. L., "plaintiff and defendant respectively may be allowed on motion to make a supplemental complaint, answer or reply, alleging facts material to the case occurring after the former complaint, answer or reply." This is a statutory rule analogous to the common-law pleading of *puis darrein continuance,* and, if a party would rely upon anything occurring since the issues were joined, it is his duty to bring it before the court by a proper pleading: 31 Cyc. 493; *Trotter v. Stayton,* 45 Or. 301 (77 Pac. 395). This question, never having been presented to the Circuit Court by proper pleading, cannot be considered here. The Circuit Court having found as a fact, and very properly too, as we read the testimony, that the plaintiff was not

a party to the agreement between the Beeman-Woodward Company and others of its creditors about the disposition of its property in payment of their claims, that contract must be laid out of the case. It is *res inter alios actos*. This is an ordinary action at law to recover the money due on a promissory note signed by the defendants as makers. The only defense interposed by the answer has been overcome as found by the Circuit Court. We cannot say there is no testimony to sustain this finding. On the contrary, the nonparticipation by the plaintiff in the composition agreement is, in our judgment, amply sustained by the evidence.

2. The obligation sued upon, however, was joint, and hence judgment should have been entered against all the defendants as they were all shown to be liable alike as between themselves and the plaintiff.

3. Equipped with authority to that end, as we are by Section 3, Article VII of the state Constitution in its present form, we hold, upon the data before us, that the judgment of the Circuit Court should be changed so as to make it one judgment against all the defendants, and the determination of the case by the court below will be modified accordingly.    Modified.

Mr. Justice Moore took no part in the consideration of this case, and Mr. Justice Bean reserves the right to dissent.