Argued at Pendleton October 29, reversed December 11, 1928.

STATE *v.* ROBERT S. MOTLEY ET AL.

(272 Pac. 561.)

For appellants there was a brief over the name of *Mr. George R. Lewis,* with oral arguments by *Mr. Will M. Peterson* and *Mr. R. I. Keator.*

For respondent there was a brief over the name of *Mr. C. C. Proebstel,* District Attorney, with an oral argument by *Mr. Fred E. Schmidt,* Deputy District Attorney.

BEAN, J.—The defendants, Robert S. Motley and Alma Fields, were indicted on the fourth day of January, 1928, by the grand jury of Umatilla County, charged with the crime of "unlawful transportation of intoxicating liquor" on the fourth day of November, 1927. The cause came on for trial on the sixth day of February, 1928, before the court and a jury. The defendants were convicted. They were each fined $400 and sentenced to the Umatilla County jail for five months. From the judgment they have appealed.

A. F. Marrott, a witness for the state, testified that he was a state prohibition agent on November 4, 1927, on which day he saw the defendants near Pendleton on a highway; that he recognized the automobile of the defendants, coming toward Pendleton, with

the defendants in it and saw Mrs. Fields, one of the defendants, get out of the car with a jug and step to the side of the road, about ten or twelve feet, but that Motley, the other defendant, drove along very slowly without stopping the car; that "she went by a telephone post at the side of the road with a gallon container and broke it there and returned to the car"; that she and Motley drove until they met him and John Arkel, another prohibition officer, who was with him; when he placed them under arrest and took Motley "to the spot where the container had been broken or deposited"; that he, Arkel, and Motley went to the pole, and "found a broken gallon container with a strong odor of moonshine. The ground was muddy, there were little puddles of whisky lying in these little low places." I picked up the mud on the container and placed it in our car, and brought it to the sheriff's office, and placed it in a half-gallon fruit jar at which time "it was in the form of mud having the smell of moonshine whisky and contained moonshine whisky"; that he saw the tracks of a woman leading to and from the telephone pole where the jug was broken; that he thinks the tracks were made by the shoes of Mrs. Fields.

■ Upon the trial objection was made to the introduction of pieces of the broken jug, mud and moonshine whisky, mixed therewith. An exception was reserved to the ruling of the court admitting such evidence. The objection is not well taken. The state had a right to introduce the whole of the jug and the whisky, if it could. It follows that a portion thereof is competent to show the contents of the jug, which was broken and described by the witnesses. The mud was mixed with the moonshine liquid and could be exhibited therewith. The objection goes to

the *strength* of the evidence and not to its competency.

■ Defendants assign that the court was in error in requiring the defendant Alma Fields to answer the following question on her cross-examination: "I want to know whether he (meaning the defendant Motley) had the place under lease and was your business manager."

We think the objection was well taken and should have been sustained although the testimony is not of itself of sufficient materiality to warrant a reversal of the judgment. The matter had already been explained at length by the witness. Defendants assert the court was in error in permitting the witness for defendants, Haigh, over the objection and exception of the defendants to answer the following question on cross-examination: "What were you doing with a pair of Idaho license plates and a Washington license in your car?"

■ ■ Over the objection and exception of counsel for defendants the state interrogated the defendant Alma Fields in regard to when she was married to the other defendant in the State of California. It was intimated that this occurred before six months had expired after she had obtained a divorce, returning to the State of Oregon and illegally living with Motley as his wife.

Defendants' counsel contend that defendants were prejudiced by the district attorney propounding the following interrogatory to the defendant Motley: "You did not have any right to marry her until after six months had expired after she had obtained her divorce"; and in propounding to the witness, Haigh, the following question: "As a matter of fact you are under indictment in Walla Walla on a liquor charge

yourself, aren't you?" The question was objected to by the defendant, whereupon the district attorney said, in the presence of the jury: "If you want me to prove it, I can prove it too."

The last two questions were objected to and the court sustained the objections. The testimony referred to comes under practically the same category. Section 863, Or. L., directs the manner of impeaching a witness as follows:

"A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth is bad; or that his moral character is such as to render him unworthy of belief, but not by evidence of particular wrongful acts; except that it may be shown by the examination of the witness or the record of the judgment that he has been convicted of a crime."

This section and Section 862, Or. L., are declaratory of the common law: *State* v. *Hunsaker*, 16 Or. 497, 499 (19 Pac. 605). Section 863, Or. L., states the law plainly and does not permit evidence of "particular wrongful acts," except it may be shown that the witness has been convicted of a crime. If other particular wrongful acts on the part of a witness, although the witness may be a defendant in the case, are permitted to be shown, then it would necessitate the investigation of the matters with which the witness is accused and introduces collateral cases. A defendant witness cannot be cross-examined at large to other offenses: *State* v. *Deal,* 52 Or. 568 (98 Pac. 165); *State* v. *Holbrook,* 98 Or. 43, 45, 63 (188 Pac. 947, 192 Pac. 640, 193 Pac. 434).

Counsel for defendants was not required to continue making his objection every time the matter of the marriage of the defendants was referred to in

the interrogation. There was error in admitting the testimony objected to and referred to above: *State* v. *Brennan*, 111 Or. 479, 486 (227 Pac. 275).

The two later questions asked by and the statement of the district attorney, after the testimony objected to had been introduced, tended to accentuate and render more harmful the testimony to which objections were made and exceptions to the ruling thereon were reserved.

The defendants were accused of a crime and were entitled to a legal trial.

■ The district attorney should not ask impertinent and insinuating questions intended to belittle and hold up for contempt the defendant or the defendant's witnesses. Such procedure is improper and prejudicial where the court fails to interfere: 16 C. J., p. 893, § 2230, and cases cited in note 9, same page.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.

RAND, C. J., and BROWN and BELT, JJ., concur.