## John Knefel, Anton Mack and Bernhard Dithelm v. James J. Ahern.

1. DAMAGES—*Attorney Fees.*—In a proceeding in chancery to compel the specific performance of one contract and the cancellation of another, it is error in the court to award attorney fees to the successful party by reason of the wrongful conduct of the other.

**Memorandum.**—In equity. Appeal from a decree rendered by the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the October term, 1894. Reversed in part. Opinion filed February 12, 1895.

HENRY C. RUSTON, attorney for appellants.

SULLIVAN & McARDLE and WM. P. HAYS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee filed a bill in brief alleging that after much urging to reduce the price, he did so from $3,500 to $2,800, and gave to John Knefel, one of the appellants, authority in writing to sell a lot for the smaller price; that Knefel made a written contract to sell to Dithelm for $3,200, but reported a sale for $2,800 without disclosing the name of the purchaser; that the appellee found out who was the purchaser, and that the price was $3,200, and offered to him to perform the contract; that then Knefel obtained from Dithelm the contract the latter held, and made and recorded another with Anton Mack, the other appellant, for the price of $2,800; that Knefel has collected some rent from tenants of the appellee, and Dithelm has entered into possession of part of the property. The bill prays the cancellation of the contract with Mack, and specific performance of the one with Dithelm.

The joint answer of the appellants alleges that Mack bought February 28, 1893, for $2,800, and sold March 8, 1893, to Dithelm, for $3,200. Thus the real controversy was whether one version or the other of the sale to Dithelm was true, and the court found in favor of the appellee and gave him the relief he prayed. The court also awarded to the appellee $400 for damages " by reason of the aforesaid wrongful and fraudulent" conduct, which the appellee, in his brief, says was for solicitors' fees.

We know of, and are cited to, no authority for such damages. Even when an injunction has been issued, dissolved, and damages assessed under the statute, the rule is uniform

that for counsel fees, nothing can be allowed except such as pertained strictly to the injunction; none for the general defense of the suit. And there is no precedent for allowing damages to a complainant, on the ground that enforcing his right, cause him expense. Without collating the evidence it is enough to say that on the case before us, we can not say that the court below erred as to the residue of the relief, and therefore the decree is affirmed as to all but $400, and as to that reversed, without costs to either party.