## TROTTER *v.* TOWN OF STAYTON.

[77 Pac. 395.]

Ejectment — Measure of Damages.

1. Under Section 326, B. & C. Comp., which permits a plaintiff in an ejectment action to recover damages, an aggrieved party is entitled to recover all damages fairly resulting from the wrong complained of, if they are properly pleaded, as, that by reason of being excluded from possession plaintiff was prevented from constructing a building on the land in dispute in which to conduct his business, and was deprived of free access to other land not in dispute.

Trial — Excluding Witnesses From the Courtroom.

2. An officer of a corporation who is not shown to have any special information rendering his presence important to the protection of its rights is within the meaning of Section 843, B. & C. Comp., authorizing the trial judge, upon the request of either party, to exclude from the courtroom witnesses not under examination.

Intermediate Decree as Evidence.

3. The rights of parties are to be determined by the final order of the last court to which a case has been taken, and not by the adjudication of an inferior court from which the case has been appealed.

Allegations and Proofs — Need of Supplemental Pleading.

4. Events happening after the issues are joined are not competent evidence unless under supplemental pleadings: for instance, in an action of ejectment

against a city, it was not error to exclude proceedings of the common council of the defendant, instituted for the purpose of condemning the land for public use, where such proceedings were not consummated, and the final ordinance attempting to appropriate the property in question was not passed, until after the issues in the case at bar had been joined, and no supplemental answer was filed.

From Marion : GEORGE H. BURNETT, Judge.

This is an action by G. D. Trotter against the Town of Stayton to recover possession of a strip of land twelve inches wide off the north end, and a strip six and one half inches wide off the east side, of the north half of lots 5 and 6, in block 5, in the Town of Stayton, and damages for withholding the same. In 1900 the defendant corporation caused the street lines of the town to be surveyed by Mr. Gobalet; the survey showing the property in controversy to be in the streets. In making the survey, however, Gobalet did not follow the original field notes, or attempt to locate the streets as actually established, but endeavored to straighten them, so that those in the town as first laid out and those in the subsequent additions would conform as nearly as possible. A short time after the Gobalet survey was made, the plaintiff, at the request of the town authorities, built a sidewalk in front of his property, conforming to the lines of the street as run by Gobalet. He subsequently had the county surveyor run the true lines, and moved his sidewalk out to them, inclosing his property with a fence. He then brought a suit in equity against the town to quiet his title, which was decided by the circuit court in favor of the town; but upon an appeal to this court the decree was reversed, and one entered here in favor of the plaintiff, establishing his title to the property now in controversy : *Trotter* v. *Stayton*, 41 Or. 117 (68 Pac. 3). A short time after the decree of the circuit court, and after the appeal had been taken, the town took possession of the disputed property, notified the plaintiff to remove his fence and sidewalk, and arrested and fined him for not doing so. After the decree of this

court it refused to surrender possession, whereupon this action was commenced.

The complaint contains the allegations usual in actions of this character, and in addition avers, in paragraph four thereof, in substance, that the plaintiff was at the time of the commencement of the action, and for many years prior thereto had been, engaged in a general merchandising business, occupying a rented storeroom adjacent to the property in controversy, and doing a large and prosperous business; that prior to the commencement of the action he had been notified by the owner to quit and deliver up possession of the building occupied by him, and was therefore compelled to look elsewhere for a suitable store building; that he was unable to rent such a building in the town, and had intended to construct, and had actually begun the construction of, a building on his property, but was prevented from completing the same by the defendant wrongfully and unlawfully taking possession thereof; that the whole of his premises was necessary for his building, but the defendant had purposely and wilfully, and with the intent to prevent him from occupying or using the same and to injure him in his business, taken possession of the strip of land in controversy and withheld it from him, and thereby prevented him from having free access to or use or occupancy of his premises; that before the commencement of the action, and for the express purpose of intimidating and preventing him from exercising and enjoying the free use and occupation of his premises, it caused him to be arrested for an alleged offense of obstructing a public street; that by reason of the facts alleged the plaintiff has been deprived of the use of his premises, injured in his business, and has thereby sustained special damages in a stated sum. A motion to strike out paragraph four of the complaint, because it was sham, frivolous, and irrelevant, and the damages

claimed were too remote to be recovered in this action, was overruled, and the defendant answered. In its answer it denied the material allegations of the complaint, except its possession of the property in controversy, setting up affirmatively: (1) An appropriation of the property by virtue of the Gobalet survey; (2) that the equity suit brought by the plaintiff against the defendant to quiet his title was still pending and a bar to the maintenance of the present action; (3) the proceedings of the common council of the defendant, initiated after the decree in equity, for the purpose of condemning and appropriating the property in controversy to the town as a public street; and (4) an estoppel or acquiescence by the plaintiff in the lines as surveyed and established by Gobalet. The reply put in issue the material allegations of the answer, and the trial resulted in a verdict and judgment in favor of the plaintiff, and defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Tilmon Ford*, *William H. Holmes*, and *Webster Holmes*, with an oral argument by *Mr. Ford* and *Mr. W. H. Holmes*.

For respondent there was a brief over the names of *Carson & Adams* and *Geo. G. Bingham*, with an oral argument by *Mr. John A. Carson* and *Mr. Bingham*.

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

1. The motion to strike out paragraph four of the complaint was properly overruled. The right to recover damages for withholding the possession of real property, given by Section 326, B. & C. Comp.,* is equivalent to the common-law action for trespass for mesne profits, and "includes all damages to which the owner is entitled on account of the wrongful occupation of the property":

---

*This section is as follows: "Any person who has * * may recover such possession, with damages for withholding the same, by an action at law."

*Wythe* v. *Myers*, 3 Sawy. 595 (Fed. Cas. No. 18119). Ordinarily, the measure of damages is the fair value of the use of the premises during the occupancy of the defendant; but the plaintiff is not confined alone to such damages. He is entitled to recover all damages which he may suffer, fairly resulting from the wrong complained of, if specially pleaded : 10 Am. & Eng. Enc. Law (2 ed.), 547; Newell, Ejectment, pp. 607, 627; 3 Sedgwick, Damages, § 907; 3 Sutherland, Damages, §§ 993, 994; *Herreshoff* v. *Tripp*, 15 R. I. 92 (23 Atl. 104); *Dunn* v. *Large*, 26 Eng. Common Law, 223. At common law nominal damages only were recoverable in an action of ejectment, and a plaintiff, if he recovered more, was obliged to bring an independent action in trespass to recover mesne profits. The statute combines these two actions; but there is no reason why a plaintiff may not plead and give in evidence in an action to recover real property under the statute any damages he may have suffered, fairly resulting from his having been wrongfully kept out of the possession. In this, as in all cases, compensation is the measure of damages, and if a plaintiff has been unnecessarily annoyed or harassed and his business injured by the wrongful acts of a defendant in taking and retaining possession of real property, there is no reason why, in an action to recover possession thereof, he may not plead and recover such special damages. The matters set up in the fourth paragraph of the complaint, if true, entitled the plaintiff to damages in excess of the mere rental value of the property, and were, we think, proper to be pleaded in an action of this character. This conclusion disposes of the objections made by the defendant to the evidence offered and admitted tending to sustain the allegations of the complaint.

2. On motion of the plaintiff the court excluded all

witnesses of the defendant from the courtroom, except
the one under examination. The defendant's counsel re-
quested that the recorder of the defendant municipality
be exempt from the order and permitted to remain within
the bar of the court for the purpose of advising with
counsel during the trial. This request was denied, and
the ruling is assigned as error. The statute provides
that, if either party requests it, the judge may exclude
from the courtroom any witness of the adverse party not
at the time under examination: B. & C. Comp. § 843.
This statute does not authorize the exclusion of a party
(*Schneider* v. *Haas*, 14 Or. 174, 12 Pac. 236, 58 Am. Rep.
296); but an officer of a corporation litigant is not within
that sense a party, and especially where, as in this case,
no showing was made that he possessed any special
information or knowledge concerning the case on trial
which would render it necessary that he should remain
in the courtroom to protect the interests of the defend-
ant.. Whether an officer of a corporation might not
occupy such a relation toward it and the subject-matter
of the litigation as to be within the spirit of the rule
announced in *Schneider* v. *Haas*, 14 Or. 174 (12 Pac. 236,
58 Am. Rep. 296), we do not undertake to decide.

3. The defendant offered in evidence the decree of the
circuit court, rendered in the suit in equity brought by
the plaintiff against the defendant to quiet his title; but
the court refused to admit it, and in this there was no
error. The decree had been reversed, and a final decree
rendered in this court establishing the plaintiff's title,
and the rights of the parties must be ascertained from
the decree on appeal, and not from that of the court be-
low: *Gentry* v. *Pacific Livestock Co.* 45 Or. 233 (77 Pac.
115).

4. The remaining question discussed in the brief is
based on the alleged error of the trial court in refusing

to admit in testimony certain proceedings of the common council of the defendant corporation, had after the final decree in the equity suit, for the purpose of condemning and appropriating for public use the property now in controversy. This matter is not assigned as error in the abstract, and under Rule 10 of this court (35 Or. 587, 598) and the decision interpreting it (*Re Assignment of Bank of Oregon*, 32 Or. 84 51 Pac. 87), we are probably precluded from considering it. Passing over this point, however, the record was properly excluded because the proceedings were not consummated, and the final ordinance, attempting to appropriate the property in question, was not passed by the council, until after the issues in this case had been made up, and it is not pleaded as a defense. The amended answer was filed on the 14th of October, 1902, and the reply filed on the 18th of the same month. Ordinance No. 67, "to straighten certain streets within the Town of Stayton," was passed by the council about a month later, and no supplemental answer was filed setting up such proceedings as a defense.

It follows that the judgment must be affirmed, and it is so ordered. AFFIRMED.