Argued June 23, decided July 8, 1913.

## YUEN SUEY *v.* FLESHMAN.

(133 Pac. 803.)

**Damages—Penalty or Liquidated Damages—"Penalty."**

1. A penalty is an agreement to pay a greater sum to secure the payment of a less sum, subject to avoidance by the payment of the less sum before a contingency agreed upon happens.

[As to the effect of agreements purporting to liquidate damages, see the notes in 108 Am. St. Rep. 46; Ann. Cas. 1913C, 1021.]

**Damages—Penalty or Liquidated Damages—Leases.**

2. A lease provided that the lessee should deposit with a bank $5,000, to be held for payment to lessor, as security for the rent and the performance of the conditions of the lease during the term, the said sums to be credited on rent during the last period of occupancy which it would cover if all the terms were properly fulfilled, and that, if any installment of rent should be in arrears for 10 days, or if lessee should neglect to perform any of the conditions of the lease, lessor might immediately notify lessee of his election to declare the conditions broken, and to cancel the lease, and should have the right to draw upon the fund to make good any arrears of rent due, and any damage caused by lessee's failure to perform such conditions, provided that, if the lease be declared forfeited for nonpayment of rent, the $5,000 should become the property of the lessor. *Held*, that the $5,000 deposit was a penalty, and not liquidated damages.

**Landlord and Tenant—Termination of Tenancy.**

3. The election of the lessor to terminate the lease for nonpayment of rent, and the ejection of lessee in an action, terminated the tenancy so as to release lessee from liability for rent not due when he was ousted.

**Judgment—Res Judicata.**

4. A lessor should have pleaded his right to attorneys' fees expended in an action of ejectment against a tenant so as to recover them in that action, and, not having done so, cannot recover them in a subsequent action against him by the lessee to recover the balance of a deposit made by the lessee to secure rent.

**Ejectment—Actions—Damages.**

5. Plaintiff in ejectment is entitled to recover all damages which he may have suffered, which fairly result from the wrong complained of.

**Judgment—Res Judicata.**

6. A judgment on the merits is a bar to a subsequent action between the same parties upon the same claim as to every question which was, or which might have been, litigated therein.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE RAMSEY.

This is an action by Yuen Suey against A. Fleshman to recover $2,732.30 for money had and received. Judgment for the full amount was rendered in the court below for the plaintiff, and defendant appeals. The facts are fully set forth in the opinion of the court.                                    AFFIRMED.

For appellant there was a brief, with oral arguments by *Messrs. Bernstein & Cohen.*

For respondent there was a brief, with oral arguments by *Mr. William Reid* and *Mr. Martin Watrous.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

This is an action to recover $2,732.30 and interest, based on the following facts:

On the 29th day of April, 1908, the appellant and respondent entered into a contract of lease, whereby the appellant demised to the respondent a three-story brick building which he erected for the respondents on lots 1 and 4, in block 38, of Couch's Addition to the

City of Portland.  The lease was made for a term of 20 years.  The building was intended to be used by Chinese tenants.  The respondent took possession of the building on May 1, 1908.  He covenanted to pay a monthly rental of $775 in advance on the first day of each calendar month.

The following is a copy of the material part of said lease:

"All of said monthly payments to be paid in advance on the 1st day of each month, and the lessee agrees to deposit with the United States National Bank, upon the signing of this agreement the sum of five thousand dollars ($5,000) in United States gold coin, or in approved certificates of deposit, to be held by said bank pending the completion of said building, and when said building is completed, and possession thereof is delivered to the lessee as herein provided, the said bank shall pay and deliver over said sum of money to the lessor as security for the rent hereunder, and for the performance of each and every one of the obligations of the lease hereunder, and for the faithful performance of all the requirements upon the lessee under this lease during its entire term, the said sum to be credited as rent paid for the last period of occupancy under this lease, which said amount of five thousand dollars ($5,000) will cover, if all the terms hereof are properly fulfilled.  And if, at any time during the term of this lease after such deposit of five thousand dollars ($5,000), any installment of rent herein stipulated shall at any time be in arrears for the term of ten (10) days, from and after the 1st day of the calendar month for which the same shall be due, or if the lessee does or shall fail or neglect to perform or observe any or either of the covenants, conditions, or agreements herein contained, which on his part are to be kept, performed, or observed, then and in either of the said cases the lessor, or his agent, or those claiming under him, may immediately, or at any time thereafter, and while such neglect or default con-

tinues, and without prejudice to any other rights or remedies available to the lessor at law, or in equity, or otherwise, notify the lessee that he, the lessor, elects to declare the covenants, conditions and agreements of the lease herein broken, and this instrument and the lease hereby granted, canceled, determined, and forfeited, and thereupon said lease shall forthwith be determined and at an end, and, in that event and at any time thereafter, the lessor shall have the right to draw upon said fund to make good any arrears whatsoever of rent due hereunder, and also any and all loss, damage, injury, expense, or liability, caused by reason of any failure on the part of the lessee to perform on his part any of the conditions, covenants, and agreements herein contained. Provided, however, that in case this lease should be declared forfeited for nonpayment of rent under the conditions thereof, then the said five thousand dollars ($5,000) is to be forfeited, and become the property of the lessor.''

The respondent paid the rents under said lease until April 1, 1909, but failed to pay the rents for the months of April and May, 1909. The appellant elected, under the terms of the lease, to terminate the lease for nonpayment of rent, and he at once began against the appellant and some of his tenants an action of ejectment to recover possession of said building and damages for its withholding. He recovered possession of the building and $4,050 damages and $46.30 costs.

While said action of ejectment was pending, the appellant caused a receiver to be appointed who took possession of the building and collected the rents. The receiver turned over, after deducting $250 for his services and attorney fees, the money by him collected which was credited on the said judgment for damages, leaving unpaid thereon, after making said credit, the sum of $2,267.30. Of the $5,000 belonging to the respondent, which the appellant held as security under

65 Or.—39

the terms of said lease, he applied $2,267.30 thereof in payment of the said balance due on said judgment for damages, leaving still in his hands $2,732.30 of the said deposit of $5,000. This action was brought to recover balance of $2,732.30.

The appellant, by his answer, claims that the deposit left by the respondent with him, as security that the respondent would perform the conditions of said lease on his part, was forfeited to him and became his property, as liquidated damages for the nonperformance of the conditions of said lease by the respondent. He claims that the court should hold that said deposit should be treated as liquidated damages, and not as a penalty, for the special reason that the damages that might accrue for a breach of the conditions of said lease by the respondent were uncertain and difficult to prove, owing to the fact that the leased building was built for Chinese tenants, and not for white tenants, etc.

The appellant claims, by his answer, also, that he expended for attorney fees in said action of ejectment the sum of $500, which he claims should be allowed him in this suit, as a counterclaim. He claims, also, $2,000 as damages, which he asserts he sustained by having to repair the building by reason of injuries to it, caused by the respondent and his tenants. This suit was tried by the court below without a jury, and its findings of fact stand as the verdict of a jury.

By the terms of the lease, the respondent, as lessee, agreed to pay in advance on the first day of each calendar month $775 as rent of said premises, and he deposited with the appellant as lessor $5,000, to secure the payment of said rent and the performance of every other covenant and condition of said lease on his part. The lease shows that the intention in making this deposit was to secure the performance of the lessee's covenants. The lease provides that if the lessee

should fail, for the period of 10 days, after an install-
ment of rent should become due, to pay it, the lessor
should have the power, at his election, to declare the
covenants and conditions of the lease broken, and the
lease canceled, terminated, and forfeited. In case of
the termination of the lease, at the election of the les-
sor, that instrument gave him power to "draw upon"
said deposit of $5,000, to make good arrears of rent
and any costs, damages, injuries, expense, or liability,
caused by reason of any failure of the lessee to per-
form any of the conditions, covenants, and agree-
ments contained in said lease on his part.

The lease contains this further provision:

"Provided, however, that in case this lease should
be declared forfeited *for nonpayment of rent,* under
the conditions thereof, then the said five thousand dol-
lars ($5,000) is to be forfeited and become the prop-
erty of the lessor."

The respondent paid the rent until April 1, 1909.
On that day the rent for the month of April became
due, and, under the terms of the lease, on the 11th
day of April the lessor had power to terminate the
lease for nonpayment of rent, and, by the terms of
the provision quoted, *supra,* the whole of the $5,000
deposited would be forfeited and become the property
of the appellant. In other words, for the failure to
pay $775 for 10 days after it became due, the appellant
had the power, by the terms of the lease, to declare
the whole of the $5,000 deposit his property.

By the terms of the lease, the appellant had the
right to pay any rent that was past due out of the
$5,000 deposited in his hands, but instead of drawing
on this fund for $1,550, due as rent for the months of
April and May, when he terminated the lease, as he
had a right to do, he began an action of ejectment to
recover the possession of the property, had a receiver

appointed to take possession of the leased property, and then claimed the $5,000 deposit to have been forfeited to him as his property for nonpayment of rent.

He now asks this court to hold that the $5,000 should be considered as liquidated damages, and not as a penalty to secure the performance of the covenants of the lease on the part of the respondent. The language of the lease shows that the intention of the parties, in providing for the deposit, was to secure the performance of the covenants on the part of the respondent. The appellant was authorized to terminate the lease for a failure of the respondent to perform *any* of the covenants thereof on his part, but, by the terms of the lease, the $5,000 deposit was to be forfeited to the appellant *only* in case the lease should be terminated *for nonpayment of rent*. This indicates that the forfeiture clause was placed in the lease to secure the payment of the rent.

By the terms of the lease, the appellant had power to terminate the lease for the nonpayment of one month's rent, and to have forfeited to him, for such nonpayment, $5,000, or a sum more than six times as great as the amount of rent due for one month.

1. A penalty is an agreement to pay a greater sum to secure the payment of a less sum. It is conditioned and can be avoided by the payment of the less sum, before the contingency agreed upon shall happen. In 19 Am. & Eng. Ency. Law (2 ed.), pp. 395, 396, a penalty is thus defined: "A penalty, in contradistinction to liquidated damages, is a sum inserted in a contract, not as the measure of compensation for its breach, but rather as a punishment for default, or by way of security for the actual damages which may be sustained by reason of nonperformance." Chief Justice MARSHALL, in *Taylor* v. *Sandiford*, 7 Wheat. 16, 5 L. Ed. 384, says: "In general, a sum of money, in gross, to be paid for the nonperformance of an

agreement is considered as a penalty, the legal oper-
ation of which is to cover the damages which the
party, in whose favor the stipulation is made, may
have sustained from the breach of the contract by the
opposite party.''

2. The provision of the contract of lease under con-
sideration comes within these definitions of a penalty,
rather than of liquidated damages. When a sum of
money is deposited with the lessor by the lessee, as
security for the faithful payment of rent, the making
of repairs, and the like, with the condition that it may
be applied to the payment of rent, in default, and with
the agreement that, if the lessee makes default in the
payment of rent, and the lease is terminated by the
lessor for such a default, the money so deposited
should be forfeited and become the property of the
lessor, such agreement creates a penalty, and is not a
stipulation for liquidated damages: *Chaude* v. *Shep-
hard,* 122 N. Y. 397 (25 N. E. 358); *Caesar* v. *Rubin-
son,* 174 N. Y. 492 (67 N. E. 58); *Cunningham* v.
*Stockton,* 81 Kan. 780 (106 Pac. 1057, 19 Ann. Cas.
212); *Carson* v. *Arvantes,* 10 Colo. App. 382 (50 Pac.
1080); *Hecklau* v. *Hauser,* 71 N. J. Law, 478 (59 Atl.
18).

In *Caesar* v. *Rubinson,* 174 N. Y. 492 (67 N. E. 58),
the facts were briefly as follows:

''The lessors erected for the lessees a three-story
brick building for stores, a dance hall, lodge and meet-
ing rooms. The lessees leased it for 10 years at an
annual rate of $3,300, to be paid in monthly payments
of $275 each, to be due on the 1st day of each calendar
month. The lessees deposited with the lessors $1,000,
as security for the faithful performance of the lease
on their part, and the lease expressly stipulated that,
in case of any breach thereof by the lessees, the $1,000
should be retained by the lessors as liquidated dam-
ages for such a breach.''

The court of appeals held that, under the facts of that case, the $1,000 deposited should be regarded as security for the performance of the lease, and not as liquidated damages.

In this case, we hold that the $5,000, deposited by the respondent, should be regarded as a penalty to secure the performance of the conditions of the lease on the part of the lessee, and *not* as liquidated damages.

3. In this case, the appellant elected to terminate the lease for nonpayment of rent, and ejected the respondent by an action at law. This effectually terminated the tenancy, and exonerated the lessee from all liability for rent not due at the time of such ouster. The respondent was not liable for any injuries to the premises occurring after he was ejected therefrom. The court below found, as a fact, that there was no evidence of any damage to the premises, prior to the time the respondent was ejected therefrom, and the respondent was not liable for injuries to the premises while they were in the possession of the receiver.

It is very doubtful whether the appellant was entitled to recover from the respondent the amount of attorneys' fees which he expended in the action brought to eject the respondent from the demised premises, as the following authorities will show: *Howell* v. *Scoggins,* 48 Cal. 355; *Day* v. *Woodworth,* 13 How. 371 (14 L. Ed. 181); *Barnard* v. *Poor,* 21 Pick. (Mass.) 382; *Falk* v. *Waterman,* 49 Cal. 355; *Clark* v. *Wolfe,* 115 Ga. 323 (41 S. E. 581); *Knefel* v. *Ahrens,* 57 Ill. App. 568; *Dorris* v. *Miller,* 105 Iowa, 564 (75 N. W. 482); *Henry* v. *Davis,* 123 Mass. 345; *Gates* v. *Toledo,* 57 Ohio St. 110 (48 N. E. 500); *Olds* v. *Carey,* 13 Or. 366 (10 Pac. 786); 1 Sedgwick, Damages (9 ed.), §§ 229–233.

Sections 561 and 562, L. O. L., allow the prevailing party to recover from the losing party, in most cases, a small attorney fee as part of the cost of the action. And it is doubtful whether anything beyond this can be recovered as counsel fees in the absence of an agreement therefor, except in certain cases that need not be particularly referred to in this opinion. However, we do not find it necessary to decide this point in this case.

4. If the appellant was entitled to recover from the respondent his expenses for attorney fees in the ejectment case referred to, *supra,* he should have pleaded them in the action of ejectment and recovered them there.

5. In an action of ejectment the plaintiff is entitled to recover *all* damages which he may have suffered, fairly resulting from the wrong complained of, if properly pleaded: *Trotter* v. *Stayton,* 45 Or. 305 (77 Pac. 395). In *Trotter* v. *Stayton, supra,* Justice BEAN says: "The statute combines these two actions [ejectment and for mesne profits]; but there is no reason why plaintiff may not plead and give in evidence in an action to recover real property under the statute any damages he may have suffered, fairly resulting from his having been wrongfully kept out of the possession." If the plaintiff is entitled to recover expenses of counsel fees incurred in an ejectment action, he can, and should, recover them in the action of ejectment.

6. A judgment or a decree upon the merits is a bar to a subsequent action or suit between the same parties, upon the same claim as to every matter that was, *or might have been,* litigated: *Ruckman* v. *Union R. R. Co.,* 45 Or. 578 (78 Pac. 748, 69 L. R. A. 480); *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *Belle* v. *Brown,* 37 Or. 588 (61 Pac. 1024); *Morrell* v. *Morrell,* 20 Or. 96 (25 Pac. 362, 11 L. R. A. 155, 23

Am. St. Rep. 95). These decisions have settled the rule in this state that a judgment is a bar not only as to all matters which appear to have been actually determined, but, also, as to all matters that could properly have been litigated in the action in which it was rendered.

The respondent, by his reply, pleaded the judgment in the ejectment action as a bar to that part of the appellant's answer which sets up his counterclaim for $500 attorney fees, expended by him in the ejectment action. The court below properly sustained the plea in bar, and found in favor of the respondent, and gave him judgment for the sum of $2,732.30, and costs and disbursements.

We find no error in the proceedings of the court below, and the judgment appealed from is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.