Argued September 11; affirmed September 30; rehearing denied
December 16, 1941

## STATE *v.* EDE
### (117 P. (2d) 235)

Before KELLY, Chief Justice, and BAILEY, LUSK, ROSSMAN and RAND, Associate Justices.

*Joseph McKeown*, of Marshfield (Andrew J. Newhouse, of Marshfield, on the brief), for appellant.

*Grant J. Williams*, District Attorney, and *C. H. Buffington*, both of Gold Beach, for respondent.

RAND, J. William Ede was tried and convicted of the crime of larceny of a cow, the property of one Ellis S. Dement, and was sentenced to imprisonment in the Oregon state penitentiary for the term of four years. From this judgment and sentence, he has appealed.

At the opening of the trial, defendant's counsel moved the court that all witnesses for the state not at

the time under examination be excluded from the courtroom. The court granted the motion as to all state witnesses except Evan Hartin, whose presence, the district attorney stated, was required to assist him in the trial of the case. This witness was a state officer employed by the Department of Agriculture to investigate cases involving the larceny of livestock and to assist in preparing such cases for trial. This action by the court is assigned as error.

Section 4-702, O. C. L. A., provides:

"If either party require it, the judge may exclude from the courtroom, any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses."

█ It will be noted that this section is directory in form and not mandatory, the word "may" being used. Hence, while the statute must be obeyed, its form indicates a legislative intent to vest a wide discretion in the trial courts and was not intended, upon good cause therefor being shown, to exclude from the courtroom the presence in court of parties directly interested in the result of the trial or of any other witness whose presence might be required to assist the attorneys in the trial of their case. This, we think, conforms to the law generally upon this subject. See 26 R. C. L., p. 1058; 16 C. J., p. 842; 23 C. J. S., p. 381, and cases therein cited. This also conforms, we think, to the construction which has been placed upon this statute in the former decisions of this court. See *Schneider v. Haas*, 14 Or. 174, 12 P. 236, 58 Am. Rep. 296, and *Trotter v. Town of Stayton*, 45 Or. 301, 77 P. 395. In the first case, the court said:

"* * * The court which tries a cause must, in the nature of things, be vested with a large discretion

over the parties, their attorneys and the witnesses, and the orderly conduct of the trial requires this; but it does not extend to the exclusion of a party from the court room during the trial of his cause."

In the last case it was held that the exclusion from the courtroom of an officer of the defendant corporation was not error since, as the court pointed out:

"* * * no showing was made that he possessed any special information or knowledge concerning the case on trial which would render it necessary that he should remain in the courtroom to protect the interests of the defendant."

▮ From this it seems obvious that, had such officer been shown to possess any special information or knowledge which would have rendered it necessary for him to remain in the courtroom to protect the interests of the defendant, it would have been error for the court to have excluded him from the courtroom, and hence, we hold that, in exempting Mr. Hartin from the rule and in permitting him to remain in the courtroom while the other witnesses were being examined, such action was proper and within the sound discretion of the trial court.

On cross-examination of the defendant, there was offered and received in evidence, over defendant's objection, a duly certified copy of the record of a judgment showing that the defendant had been convicted of a crime. This ruling is assigned as error.

Section 4-711, O. C. L. A., provides:

"A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth is bad; or that his moral character is such as to render him unworthy of belief, but not by evidence of particular wrongful acts; except that it may be shown by the

examination of the witness or the record of the judgment that he has been convicted of a crime."

This section is declaratory of the common law. See *State v. Hunsaker*, 16 Or. 497, 19 P. 605, and *State v. Motley*, 127 Or. 415, 272 P. 561. And, while it excludes evidence of particular wrongful acts, it expressly provides that, for the purposes of impeachment, it may be shown that the witness has been convicted of a crime. This may be shown either by an examination of the witness himself or the record of a judgment. This rule applies to the defendant in a criminal action only when he offers himself as a witness in his own behalf, as was done in the instant case. Hence, the state had a right to show either on the examination of the defendant or by the record of a judgment that he had been convicted of a crime.

It is contended that the defendant, on cross-examination, admitted that he had been convicted of a crime and, hence, that the matter should have ended there, and that the subsequent admission of the record was error. The bill of exceptions, however, shows that the defendant, when asked if he had been convicted of a crime, answered: "Yes, I had a fight in Portland and was paroled, I got a thirty-day sentence and was paroled". He was then asked: "You were convicted once in Multnomah County of the crime of –". This question was not completed or was it answered because of the objection interposed by defendant's attorney. Hence, so far as the record shows, the only admission made by the defendant was that he had had a fight in Portland and had been paroled from a thirty-day sentence. The document introduced, however, shows that defendant's conviction was not for a fight in Portland but was for the crime of assault with a dan-

gerous weapon committed at another time, for which he had been sentenced to serve not thirty days but a period of three months. This was an entirely different offense from that for which the defendant admitted he was convicted and, hence, it was not error for the court to permit the state to introduce this record in evidence, especially so since the court, upon receipt of the record, instructed the jury as follows:

"* * * Now, members of the jury, before this is read, the court finds it necessary to give you a cautioning instruction as to the limited purpose for which such an exhibit can be received. The statute provides that it may be shown by the examination of a witness or the record of the judgment that he has been convicted of a crime. Now, the only question before you in this case is whether or not the defendant is guilty of the charge in the indictment in this case, of course you understand that. You are not entitled to indulge in reasoning that if it appears that he has been guilty of some other crime, that therefore he is probably guilty of this one, that wouldn't be a proper use of the instrument. The only purpose for which previous conviction of a crime may be shown with reference to any witness is that the jury may consider it as bearing upon his credibility as a witness. For that purpose only, bearing, if you find it to bear, upon the credibility of the witness Ede, this exhibit is received."

At the close of the state's case, the defendant moved for a directed verdict. The overruling of this motion is assigned as error. The defendant contends that, because the indictment fails to state that the crime charged was done feloniously, it is not sufficient to charge the defendant with the commission of a crime. The charging part of the indictment reads as follows:

"The said William Ede on the 17th day of October, A. D., 1939, in the said County of Curry and State of Oregon, then and there being, did then and there take,

steal and carry away one Hereford cow, the personal property of Ellis S. Dement contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.''

■ The indictment charges that the defendant ''did then and there take, steal and carry away one Hereford cow''. By using the word ''steal'' in the charging part of the indictment, it necessarily implied that the act charged was unlawful and, since the larceny of a cow is a felony under our statute, it likewise implied that the act charged was felonious and, hence, the indictment was sufficient although it might have been better pleaded by stating that the defendant did unlawfully and feloniously take, steal and carry away one cow.

We find no merit in the contention that the evidence was insufficient to establish the commission by the defendant of the crime charged in the indictment. It appears from the evidence that Dement, the owner of the cow in question, and Ede, the defendant herein, both resided in a remote, sparsely settled district of Curry county known as the Eckley district, and both were engaged in cattle raising; that Dement branded his cattle with a D brand on the left hip and the defendant with a Bar-V on the left ribs.

It also appears from the evidence that the cow charged to have been stolen was a large white-faced, line back, dehorned Hereford cow, eight years of age, weighing about 1250 pounds and branded with a D brand on the left hip and earmarked with a crop off the left ear; that the line back consisted of a broad, white stripe extending from the head nearly to the tail; that, through a defect in dehorning, one horn had partially grown out into what is described as a mushroom or crumpled horn; and that, because of these peculiari-

ties, the animal was different in appearance and could easily be distinguished from all other animals in that vicinity.

The evidence further shows that this cow was kept with other cattle belonging to Dement in a pasture near the Ede place and had been seen there a few days prior to the 17th day of October, 1939, the day on which the crime was charged to have been committed; that, on the following day, search for this animal was made and it was found to be missing; that, on said day, Ede butchered a cow in a corral on his premises; that he cut off and concealed both its ears and cut off and removed from the hide that part containing the brand on the left hip, which he also concealed; that the remainder of the hide was hidden in the brush some distance from the corral where it could not easily be seen or found; and that, on October 18, 1939, Ede and his wife were seen to leave their premises, taking with them in their pickup the carcass of the butchered animal; that immediately following their departure, one of the witnesses for the state went to the butchering corral and found the head of the butchered cow, with both ears cut off, laying on the ground, which, because of its crumpled horn and the size of the head, he recognized as the head of Dement's cow.

It further appears that this witness, on discovering the cow's head, searched for the hide and found it, in its mutilated condition, concealed in the brush, and he took it to Coquille and delivered it to the state police; that, upon receiving the hide, the state police went to the corral and found that the head had been removed and could not be found.

The evidence further shows that the defendant sold the meat from this cow to a merchant in Coquille and,

at that time, the defendant's wife represented that the butchered animal was branded with a Bar-V on the left ribs; that, a few days later, Ede said that his wife was mistaken as to the brand and that the animal had been branded with a Bar-V on its left hip, and a short time later he asked the person to whom the sale of the meat had been made to falsely represent to the officers that the hide of the animal had accompanied the meat.

■ These and many other facts testified to, all tending to prove the defendant guilty of the crime charged, were sufficient to establish the guilt of the defendant beyond all reasonable doubt.

There are numerous other assignments of error, all of which have been carefully considered, and have been found to be without merit.

Finding no error in the record, the judgment appealed from is affirmed.

ROSSMAN, J., did not participate in this opinion.

BRAND, J., who tried the case in the court below, did not sit.