## POWELL v. UNITED STATES.
### No. 11923.

United States Court of Appeals,
Sixth Circuit.
Dec. 31, 1953.

Melvin E. Schaengold, Cincinnati, Ohio, for appellant.

Joseph C. Bullock, Asst. U. S. Atty., Hugh K. Martin, U. S. Atty., Cincinnati, Ohio, on the brief, for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was indicted, together with three other co-defendants, for violation of 18 U.S.C. § 371, the conspiracy statute, and also for violation of 21 U.S.C. § 174, a section of the chapter on narcotic drugs. All of the defendants except appellant pleaded guilty to both counts. Prior to the trial on the conspiracy count, the count charging appellant with the substantive violation was nolled. Jury trial was waived in writing, and the court found the appellant guilty under the conspiracy count.

The case arose out of the following facts: On September 12, 1952, the Cincinnati police found Bethel Jones, Robert Edeline and appellant seated at a table in the home of Bethel Jones, all on the same side of the table. Bethel Jones was seated in the center; on the table was a glass mirror on which were 45 grains of a compound containing heroin. Jones was filling gelatine capsules with this substance. Appellant Powell was approximately one foot from Jones and in front of him on the table between Powell's hands and his body were a number of empty capsules. Powell had been at Jones's home for some ten or fifteen minutes. Jones says that Powell came to him to borrow money, but the court found that he was actually filling the capsules. Powell stated to the government witness that he had made two or

three purchases from Jones, one of them being "within the last two or three days." No testimony was adduced that heroin was found on Powell or heroin stains on his hands. The police had a warrant only for Jones.

Appellant contends that the District Court committed reversible error in allowing one of the government witnesses to be present in the courtroom during the presentation of the government's case and to testify as a witness after the court had granted a motion to separate the witnesses. This contention has no merit. The exclusion of witnesses from the courtroom is a matter resting in the sound discretion of the trial court and the exercise of that discretion will not be disturbed except in case of clear abuse. Leache v. State, 22 Tex.App. 279, 3 S.W. 539; 53 Am.Jur. 47. No abuse of discretion existed here for it is the uniform rule in this jurisdiction in the conduct of criminal trials that an officer in charge of the case be permitted to sit in the courtroom through the trial and to advise counsel for the government, even though he himself testifies as a witness. Hughes v. State, 126 Tenn. 10, 148 S.W. 543; State v. Ede, 167 Or. 640, 117 P.2d 235.

The District Court did not err in overruling the defendant's motion to suppress the evidence. The commission of a felony in the presence of the officers justified the seizure of the evidence and also the arrest of appellant.

The more serious question presented is that the appellant's motion for judgment of acquittal should have been granted upon the ground that there is no evidence of the existence of a conspiracy. We think this contention also must be overruled. The appellant when asked by the officer what he was doing there said he came up to borrow some money and also, when asked if he knew what was going on in the room, said "Yes." The question and answer then continued as follows:

"Q. Did he elaborate on that statement or just make the statement that he knew what was going on?

"A. I said: 'In other words, you know that he was capping up heroin?' He says, 'I knew that he was capping up a white substance.' 'A white powder,' he called it."

The fact that Powell was seated at the table in the exact position which he would have to occupy to assist in capping the heroin cannot be ignored. His statement that he had made purchases from Jones within the last two or three days destroys the effect of his calling the heroin "a white powder." Since he had purchased the narcotics so recently, since he was there fifteen minutes, knew what was going on, and seated himself in the exact position for assistance, the finding of the court that Powell agreed to participate in the transaction is not without substantial support. Lowrey v. United States, 8 Cir., 161 F.2d 30, certiorari denied 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858, rehearing denied 332 U.S. 787, 68 S.Ct. 36, 92 L.Ed. 369.

There being no reversible error, the judgment is affirmed.