## STATE OF OREGON, *Respondent, v.*
## RAYMOND CRAIG WILSON, *Appellant.*

487 P2d 892

*Rick J. Moench,* Certified Law Student, Eugene, argued the cause for appellant. With him on the brief was Francis W. Linklater, Eugene.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant was convicted of grand larceny, ORS 164.310, by evidence which showed that he participated in a "till-tapping" offense[1] at the Noti Grocery store on March 14, 1970. He appeals, assigning as error admission of evidence relating to his involvement in other offenses and certain acts preparatory thereto.

In the course of the trial the state called one Patricia Eileen Dawson as a witness. Over appropriate objections she was permitted to testify:

1) That about March 1, some two weeks prior to the offense charged, she and a friend, Terry McJunkin, were instructed in the "art" of "till-tapping." The defendant, who lived in the apartment, was present at the time, and talked with the witness about how to tap a till. Money was laid on the table in piles and Mrs. Dawson and Terry McJunkin would practice how to distract a clerk, and, while one distracted the clerk, to see how fast the other could scoop up the money from the table.

2) That on Sunday, March 8, a week prior to the crime here involved (March 14, 1970), she was with Wilbert Polk, Stewart Wilson, Terry McJunkin, Jill Hanna, the defendant and a certain Rodney. The entire group entered a store in Veneta, Oregon, where a successful till tap was effected by them when Rodney took some money out of the till. She also testified that the defendant was present in the store when that money was taken but she could not place his specific

---

[1] For a more particular description of this offense, see our recent opinion, State v. Woods, 6 Or App 311, 487 P2d 666, Sup Ct *review denied* (1971). The principle is the same whether cash or merchandise is involved.

location in the store. Once outside, Rodney divided the stolen money and gave the defendant a share of it.

3) That on March 14, the day the crime charged was committed, and shortly prior thereto, she, Terry McJunkin, Pearlie Brown, Wilbert Polk, Stewart Wilson, Danny Reed and the defendant entered a store also in Veneta and there the defendant succeeded in tapping the till while Wilbert Polk distracted the clerk.

Recently, in *State v. Hamilton,* 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971), we said:

> "* * * The general rule is that evidence of other crimes, having no substantial relevancy except to show that the accused is a bad man and hence probably committed the principal crime, is not admissible. *State v. Long,* 195 Or 81, 112, 244 P2d 1033 (1952). However, the exceptions to the exclusionary rule are numerous. Some are set out in *State v. Woolard,* 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970). A more complete list of 10 exceptions is set out in McCormick, Evidence 326, 327-31, § 157 (1954), but warning is given there 'that the list is not complete, for the range of relevancy outside the ban is almost infinite.' Among the exceptions listed are:
>
> " '(1) To complete the story of the crime on trial by proving its immediate context of happenings near in time and place. * * *
>
> " '(2) *To prove the existence of a larger continuing plan, scheme, or conspiracy, of which the present crime on trial is a part.* * * *' "
> (Emphasis supplied.) 5 Or App at 268.

*See also, State v. Zimmerlee,* 5 Or App 253, 483 P2d 111 (1971), *rev'd* 94 Adv Sh 15, — Or —, 492 P2d 795 (1972); *State v. Tucker,* 5 Or App 283, 483 P2d 825, Sup Ct *review denied* (1971); *State v. O'Brien,* 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *aff'd* 94 Adv

Sh 1281, — Or —, 496 P2d 191 (1972); *State v. Pomroy,* 4 Or App 564, 480 P2d 450 (1971). We think the challenged evidence was relevant.

In *People v. Aquilante,* 208 Cal App 2d 530, 25 Cal Rptr 344 (1962), a similar problem was presented. Defendant was charged with grand larceny of a number of suits from a retail clothing store. The court said:

> "The evidence to which objection was made related to five prior offenses; * * * each of the offenses involved the theft of men's suits; each took place in a store or department thereof where there was a limited number of sales clerks; in each the attention of these clerks was engaged by part of the group while one of their number effected the theft; in each a box or some receptacle was used to carry away the stolen articles * * *." 208 Cal App 2d at 535.

The court pointed out:

> "* * * [E]vidence showing a prior offense has been admitted as proof of a common scheme, plan, or design of which the offense charged was a part [citations omitted]; as proof of a continuing conspiracy to commit the offense of which that previously committed and that presently charged are the objects of a common design [citations omitted]; and as proof to connect several defendants with the conspiracy charged against them. [Citation omitted.]

> "Proof of similarity in the general plan, scheme, design or mode of operation between that used by a defendant in the commission of a prior offense and that used in the offense with which he is charged, is relevant as a factor which tends to prove that the latter offense in fact was committed by him. [Citations omitted.]" 208 Cal App 2d at 534-35.

*Accord: State v. Poulos,* 196 Kan 287, 411 P2d 689, *cert denied* 385 US 827 (1966); *State v. Kombol,* 81 Idaho 530, 347 P2d 117 (1959); *People v. Henley,* 269 Cal App 2d 263, 74 Cal Rptr 611 (1969).

In discussing the admissibility of evidence of other offenses in a criminal case, the Supreme Court of California stated:

"* * * If such evidence is determined to be relevant to prove a material fact in issue, it is for the trial court in the exercise of its judicial discretion to determine whether its probative value is outweighed by its possible prejudicial effect and to admit or exclude it accordingly, for '[t]his is a situation where the policy of protecting a defendant from undue prejudice conflicts with the rule of logical relevance, and a proper determination as to which should prevail rests in the sound discretion of the trial court, and not merely on whether the evidence comes within certain categories * * *.' [Citations omitted.]" *People v. McCaughan,* 49 Cal 2d 409, 421-22, 317 P2d 974 (1957).

We are of the opinion and hold that the trial court did not abuse its discretion in admitting any of the challenged testimony.

The judgment is affirmed.