Argued September 21, affirmed October 19, 1971

# STATE OF OREGON, *Respondent, v.* MICHAEL MELVIN DAVIS (No. 101095), *Appellant.*

489 P2d 988

*James R. Strickland,* Eugene, argued the cause for appellant. With him on the brief were Hansen, Curtis & Strickland, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

PER CURIAM.

Upon trial without a jury defendant was convicted of taking and using a motor vehicle without permission of the owner. ORS 164.670. He makes three assignments of error on appeal. None has any merit.

■ His first assignment of error is that evidence of other crimes was improperly received. The motor vehicle taken without permission was a truck. The prosecution introduced evidence that defendant used the truck to transport stolen gasoline and rammed the truck through a locked gate. These acts were part of a continuous course of action surrounding the taking with which the defendant was charged, and were therefore admissible to show motive and surrounding circumstances. *State of Oregon v. Long,* 195 Or 81, 112, 244 P2d 1033 (1952) ; *State v. Wilson,* 6 Or App 259, 487 P2d 892 (1971).

■ Defendant's second assignment of error is:

"Defendant was denied a fair trial and due process of law in violation of the Oregon Constitution and of the United States Constitution."

We find nothing in the record to support this assignment.

■■ The remaining assignment deals with the trial court's failure to grant defendant's motion to exclude witnesses from the courtroom except when they were testifying. The exclusion of witnesses generally is within the discretion of the trial judge. ORS 45.510. *See, State v. Ede,* 167 Or 640, 117 P2d 235 (1941). We find nothing in the record to indicate that this refusal by the trial judge resulted in any prejudice to the defendant.

Affirmed.