Argued December 2, 1971, reversed and remanded January 6, 1972

## STATE OF OREGON, *Respondent, v.* JOE BERRY BISHOP (Nos. 101826, 101827), *Appellant.*

492 P2d 509

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

The defendant was convicted of sale and possession of dangerous drugs. ORS 475.100. The ques-

tion on appeal is whether the trial court erred in refusing to grant a request for the exclusion of witnesses as authorized by ORS 45.510.

When the case was called for trial, defense counsel requested all witnesses be excluded. During the brief discussion that followed, the prosecutor stated that most of his witnesses were police officers. Counsel for the defendant argued his client would be prejudiced by allowing the officers to remain:

> "The only advantage for them being in the courtroom is to hear the cross examination by defense counsel, to determine what the theory of the defense is in this case, and to determine these things instead of coming in on the questions cold * * *."

The trial judge denied the motion and explained his action in these terms:

> "* * * Now, it was apparent in yesterday's trial that some of the practices of the police in connection with the custody of evidence could be questioned. * * * [I]t seems to me highly desirable from the public standpoint * * * that * * * officers have an opportunity to learn what it is about their police practices that is being questioned, and to give careful thought to their own practices * * *."

The judge further explained that some of the police officers were involved in motions to suppress in "this group of cases" and should be allowed to see the trials "that involve the efforts that they've made."

When we have previously considered the question of whether the failure to grant a motion to exclude witnesses is error, we have merely said that this matter is within the discretion of the trial court. *See,* e.g., *State v. Davis,* 7 Or App 37, 489 P2d 988 (1971). The

case at bar has convinced us that this problem requires closer analysis.

ORS 45.510 provides:

"If either party requires it, the judge may exclude from the courtroom any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses."

The Oregon Supreme Court cases which have interpreted this statute are *State v. Wilson,* 177 Or 637, 164 P2d 722 (1945), and *State v. Ede,* 167 Or 640, 117 P2d 235 (1941). The statute has also been mentioned in *State v. Kendrick,* 239 Or 512, 398 P2d 471 (1965); *Trotter v. Town of Stayton,* 45 Or 301, 77 P 395 (1904); and *Schneider v. Haas,* 14 Or 174, 12 P 236, 58 AR 296 (1887).

*State v. Wilson,* supra, and *State v. Ede,* supra, suggest that a motion to exclude normally should be granted. In *Ede* the court interpreted the statute not as permissive, but, rather, as "directory in form * * *." 167 Or at 642. And this same idea was implicit in *Wilson* where the witnesses were excluded and the Supreme Court of Oregon upheld the exclusion on appeal.[1]

*State v. Wilson,* supra, intimates that our statute is a codification of the common law. Courts, such as

[1] While there is no definite way to document it, we believe the motion to exclude is uniformly granted in the vast majority of Oregon trial courts. In this century in all four Supreme Court cases, the motions to exclude had been granted in the lower court. State v. Kendrick, 239 Or 512, 398 P2d 471 (1965); State v. Wilson, 177 Or 637, 164 P2d 722 (1945); State v. Ede, 167 Or 640, 117 P2d 235 (1941); Trotter v. Town of Stayton, 45 Or 301, 77 P 395 (1904).

the federal courts which still follow the common law on this question, strongly favor granting exclusion from the courtroom.

"The practice of excluding witnesses from the courtroom except while each is testifying is to be strongly recommended, particularly where the testimony of the witnesses is in any measure cumulative or corroborative * * *." *Williamson v. United States,* 310 F2d 192, 198 (9th Cir 1962).

"The exclusion of witnesses from the courtroom during trial is a time-honored practice designed to prevent the shaping of testimony by hearing what other witnesses say * * *." *Taylor v. United States,* 388 F2d 786, 788 (9th Cir 1967).

Professor Wigmore favors making exclusion a matter of right:

"A few Courts concede that sequestration is demandable as of right. But, the remainder, following the early English doctrine, hold it grantable only in the trial Court's discretion; declaring usually, however, that in practice it is never denied, at any rate for an accused in a criminal case. There is no reason for a distinction between civil and criminal cases; successful perjury is an equally deplorable result, in whatever form it overwhelms its victims." 6 Wigmore, Evidence § 1837-39, 358-59 (3d ed 1940).

"* * * But when all allowances are made, it remains true that the expedient of sequestration is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice. Its supreme excellence consists in its simplicity * * *." 6 Wigmore, Evidence § 1838, 354 (3d ed 1940).

■ These authorities mean, we believe, that when one party moves to exclude witnesses and the other

party voices no objection, the motion should always be granted and we so interpret ORS 45.510.[2]

When the motion is opposed, the trial court's discretion comes into play. In this context, as others, judicial discretion does not mean that the question of whether to exclude witnesses is left to the trial court's whim or grace. *Cf., Temple Enterprises v. Combs,* 164 Or 133, 158, 100 P2d 613, 128 ALR 856 (1940). Instead, judicial discretion is "to be exercised in conformity with the spirit of the law and in a manner to subserve and not defeat the ends of justice." *King v. Mitchell,* 188 Or 434, 214 P2d 993, 997, 216 P2d 269 (1950). Specifically, the trial court must weigh the "good cause * * * shown," *State v. Ede,* supra, 642, for not excluding witnesses against the policy favoring exclusion.

What constitutes good cause not to exclude witnesses has been recognized in prior Oregon cases. For example, *Schneider v. Haas,* supra, makes it clear that a party to a proceeding who will later be called as a witness cannot be excluded. *Trotter v. Town of Stayton,* supra, suggests by implication that when a corporation is a party, it may be inappropriate to exclude a principal officer of the corporation who possesses some special knowledge and whose presence is necessary to protect the corporation's interests. *State v. Ede,* supra, held it was not error to exclude all witnesses except a Department of Agriculture official who was assisting the prosecution in a trial for larceny of a cow.

---

[2] We are not here deciding whether under any circumstances the court may on its own motion either exclude witnesses or, for reasons stated by the court, refuse to exclude them. *See,* State v. Wilson, supra.

· On the other hand, some cases where a reversal resulted from denying exclusion without good cause are *State v. Duffen,* 104 N J Super 302, 250 A2d 23 (1969) (no sound reason for the denial shown); *The People v. Dixon,* 23 Ill2d 136, 177 NE2d 206 (1961) (trial judge merely said, "Well, I don't like to do that."); and *The State v. Williams,* 226 S C 525, 85 SE2d 863 (1955) (the defendant's witnesses were chain gang prisoners who were serving under the prosecution's witnesses— their guards).

■ Thus, if the record contains some showing of good cause for not excluding the witnesses, and if the trial court made a reasonable choice between the good cause shown and the policy favoring exclusion, its decision will not be disturbed on appeal. But if the record contains no reason for not excluding witnesses, or an insufficient reason, then the trial court has abused its discretion.

■ Turning to the facts of the case at bar, we find the reasons advanced by the trial court to explain its refusal to exclude to be inadequate. As noted above, the trial court wanted the police officers who would be witnesses to be able to view the trial as an educational experience, and wanted them to be able to see the fruits of their labors. These reasons, while undoubtedly salutary as an educational device, were not relevant to the purpose of the trial—namely, the determination of whether the defendant was guilty of the crime charged. Balanced against the danger that the witnesses' memories might be confused by other testimony, and the other reasons for the rule of sequestration, *see* 6, Wigmore, supra, the reasons advanced by the court were insufficient.

■ The remaining issue is whether defendant was

prejudiced by the failure to exclude witnesses. Resolution of this issue turns on whether it should be the defendant's burden to prove actual prejudice or the state's burden to prove lack of prejudice. We believe the latter is the better rule.

The practice of excluding witnesses is designed to prevent one witness being influenced, consciously or unconsciously, by hearing the testimony of prior witnesses. It would be difficult, if not impossible, for a litigant to establish that the presence of prospective witnesses in the courtroom during the trial resulted in the testimony of any one of them being influenced by what he heard before called to the witness stand. Thus, when a trial court has abused its discretion by not excluding witnesses, we must assume prejudice unless the record affirmatively reflects the contrary.

The best example of a record that would establish no possible prejudice is one in which the witnesses all testified to totally unrelated events. But this is not such a case. Here most of the state's witnesses testified to the same events and occurrences. Their testimony was cumulative and corroborative. On this record, we cannot say the defendant was not prejudiced.

Reversed and remanded.