Argued and submitted June 9, affirmed July 21, 1980

In the Matter of Kathleen Ann Roberts,
alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## KATHLEEN ANN ROBERTS,
*Appellant.*

(No. 47407, CA 16638)

614 P2d 139

Vince Salvi, Metropolitan Public Defender, Portland, argued the cause and filed the brief for appellant.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from a mental commitment proceeding pursuant to ORS ch 426. The only issues warranting discussion are procedural.

Prior to the commencement of the hearing, petitioner's attorney requested that witnesses be excluded. The court granted the request. After the petitioner's father and a former roommate had testified, a person from the district attorney's office, who was present as an observer, indicated that he recognized petitioner as a person who had been in the courthouse about a month before the hearing and had been involved in an altercation with police officers. Over petitioner's objection, the court permitted the observer to testify about the incident. Petitioner also requested, and was denied, a five minute continuance to talk with the witness for discovery purposes before he testified. Petitioner assigns as error the permitting of the observer to testify because he had not been excluded from the courtroom during the proceedings to that point, and the failure to allow a continuance for discovery purposes.

Petitioner relies on ORS 45.510 as interpreted by *State v. Bishop,* 7 Or App 558, 492 P2d 509 (1972). ORS 45.510 provides:

> "If either party requires it, the judge may exclude from the courtroom any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses."

In *Bishop* we discussed the test for deciding when the denial of a motion to exclude witnesses is an abuse of discretion, and, where it is an abuse of discretion, the determination of whether the denial is prejudicial. In this case, the motion to exclude witnesses was granted, but, due to the "surprise" manner in which this witness came forward, he was not excluded. We do not decide whether the trial court was obliged to forbid testimony from the witness, because we find

[325]

that the petitioner was not prejudiced by the fact that the witness had not been excluded.

We made the following statement about potential prejudice in failing to exclude witnesses in *Bishop.*

> "The practice of excluding witnesses is designed to prevent one witness being influenced, consciously or unconsciously, by hearing the testimony of prior witnesses. * * *
>
> "The best example of a record that would establish no possible prejudice is one in which the witnesses all testified to totally unrelated events. * * *" 7 Or App at 565.

■ Here the witness testified to the one incident in the courthouse which none of the prior witnesses had testified to; he did not testify to anything that the witnesses who had preceded him had testified to. The incident testified to was a "totally unrelated event," and, therefore, there was no possible prejudice.

■■ On the issue of the request for continuance we review only for an abuse of discretion. *State v. Zorner,* 4 Or App 84, 475 P2d 990 *rev den* (1970), *cert den* 403 US 936, 91 S Ct 2249, 29 L Ed 2d 717 (1971). Petitioner claims no actual prejudice, and furthermore, we know of no rule that requires the court to make available to one party the witnesses of the other party for pre-trial examination in a civil proceeding.

Affirmed.