Argued and submitted September 28, 1990, affirmed February 13, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT BENJAMIN ALEXANDER,
*Appellant.*

### (L89-0004CR; CA A61802)

805 P2d 743

Phil Studenberg, Klamath Falls, filed the brief for appellant.

Michael Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J. .

Defendant was convicted of conspiracy to manufacture a controlled substance, methamphetamine. ORS 161.450. The single issue on appeal[1] is whether an investigating officer's presence in the courtroom at trial violated defendant's constitutional right to cross-examine and to confront the witnesses against him. Or Const Art I, § 11. We find that it did not and affirm.

At commencement of the trial, presumably in anticipation of defendant's motion to exclude witnesses under OEC 615,[2] the state "moved" to allow former Lake County Sheriff Griffin to sit with and assist the prosecution during the trial. The state advised the court that Griffin would also be called as a witness. He had been the chief investigator in the case and had interviewed most of the witnesses, including defense alibi witnesses. The trial court granted the state's motion over defendant's objection, concluding that the state had established that Griffin's presence was essential to assist the prosecution. OEC 615(3).

Defendant assigns error to the court's order permitting Griffin to be present in the courtroom. He does not argue that the court lacked authority or abused its discretion under OEC 615(3), but relies on the constitutional objection that he presented to the trial court:

> "I guess the process I foresee when he is called as a rebuttal witness, for example, he's had the opportunity to sit and listen to all of our alibi witnesses testify, and it will be *much more difficult* for us to cross-examine him about something he may

---

[1] Defendant also raises three other assignments of error, none of which warrants discussion.

[2] OEC 615 provides, in part:

"At the request of a party the court *may* order witnesses excluded until the time of final argument, and it may make the order of its own motion. This rule does *not* authorize exclusion of * * * (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause." (Emphasis supplied.)

OEC 615 is patterned after FRE 615. However, the rules differ in that OEC 615 does *not* provide an absolute right to exclude witnesses. Although exclusion is favored, "if the record contains some showing of good cause for not excluding the witnesses, and if the trial court made a reasonable choice between the good cause shown and the policy favoring exclusion, its decision will not be disturbed on appeal." *State v. Bishop,* 7 Or App 558, 564, 492 P2d 509 (1972).

have said or done or that occurred when he was down interviewing our witnesses — our alibi witnesses in Sacramento. It certainly would *not be as easy* to confront him with some conduct or some allegation about his conduct if he's here and has listened to the entire testimony." (Emphasis supplied.)

Although defendant does not argue that he was denied the opportunity to cross-examine and confront Griffin, he contends that his ability to cross-examine was impaired. The United States Supreme Court has explained that a criminal defendant is "guarantee[d] an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fernsterer,* 474 US 15, 20, 106 S Ct 292, 88 L Ed 2d 15 (1985). (Emphasis in original.)[3] Defendant has failed to demonstrate that his constitutional rights have been violated.

We are aware that a very real potential exists in this kind of case for the prosecution to gain an unfair advantage at trial. However, given the only issue presented, that potential did not rise to the level of a constitutional violation.

Affirmed.

---

[3] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face * * *."