**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Silas WALLER, Defendant-Appellant.**

**No. 16426.**

United States Court of Appeals
Seventh Circuit.

Jan. 31, 1969.

Raymond J. Smith, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Richard A. Makarski, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee; Gerald M. Werksman, Asst. U. S. Atty., of counsel.

Before HASTINGS, KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

After a jury trial, defendant was found guilty of four narcotic offenses under Section 4705(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 4705 (a)), and Section 174 of Title 21, United States Code, and given a 12-year prison sentence. During the critical periods involved, the Government's informer, James Hartley, wore a miniature radio transmitter. Over defendant's objection, Narcotics Agent Anthony Pohl related a conversation between Hartley and the defendant that Pohl picked up on his radio receiver.[1]

---

1. The record also reveals that Agent David Canaday testified to conversations transmitted over a concealed radio transmitter and the same objection was made by defendant.

In this conversation, Hartley told defendant he wanted to get some "girl," meaning cocaine. Defendant replied: "I only got four [packages] left. I will let you have them for $30. Do you have the money?"

■ For the reasons given in United States v. White, 405 F.2d 838 (7th Cir. 1969), the receipt in evidence of this and other electronically overheard incriminating conversations violated defendant's Fourth Amendment rights. We cannot say that defendant would have been convicted absent the narration of these conversations. Therefore, the case must be remanded for a new trial at which such overheard conversations must be excluded.

■ Defendant argues that reversal is also required by the trial court's refusal to give the following instruction on missing witnesses, referring to informer Hartley:

"If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness creates the presumption that his testimony would be unfavorable to such party. However, no such presumption should be drawn by the jury where the witness is equally available to both parties, or where the witness's testimony would be merely cumulative."

The record shows that informer Hartley was present during the trial and indicated his willingness to take the stand if called by the defendant, although refusing to indicate what his testimony would be in advance. The Government may have felt that the testimony of Agents Pohl and Canaday rendered any testimony which the informer might offer merely cumulative. Obviously the defense failed to call Hartley because it feared that he might give testimony harmful to the defendant. Moreover, defendant's counsel commented to the jury during final argument concerning the Government's failure to call Hartley. Cf. United States v. Jackson, 257 F.2d 41, 43–44 (3d Cir. 1958).

On this record we do not find that the informer was so peculiarly within the power of the Government to call as to require the giving of the requested instruction. See Richards v. United States, 107 U.S.App.D.C. 197, 275 F.2d 655, 658 (1960), certiorari denied, 363 U.S. 815, 80 S.Ct. 1253, 4 L.Ed.2d 1155. In any event, in light of our holding that the Government may not, by way of electronic eavesdropping devices, substitute the testimony of the Agents for that of the informer (see Lopez v. United States, 373 U.S. 427, 441–446, 83 S.Ct. 1381, 10 L.Ed.2d 462 (Warren, C. J., concurring)), the Government may decide that Hartley's testimony is necessary to introduce at a new trial in this case. Nor did the trial court abuse its discretion in permitting Agent Pohl to give rebuttal testimony despite his earlier presence in the courtroom. See, e. g., Powell v. United States, 208 F.2d 618 (6th Cir. 1953). This testimony concerned the license number and registration of a car supposedly driven by defendant while he claimed to be elsewhere and was based on Pohl's notes rather than on what he heard during the trial.

Reversed and remanded.[2]

HASTINGS, Circuit Judge (concurring).

I concur in the result reached by the majority in this case, on the authority of United States v. White, 7 Cir., 405 F.2d 838 (1969). I recognize the en banc majority determination of *White* as a controlling precedent in this circuit at this time, although I adhere to my views expressed in the dissent in *White*.

---

**2.** Issuance of mandate being withheld pending Supreme Court's decision in United States v. White, No. 46 October Term, 1969.