Argued and submitted September 16, 1983, affirmed January 4, reconsideration denied February 24, petition for review denied March 27, 1984 (296 Or 712)

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID LEE CETTO,
*Appellant.*

(CR82-1172; CA A28000)

674 P2d 66

William M. Horner, Monmouth, argued the cause and filed the brief for appellant.

Kim Fenner, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Virginia L. Linder, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant was tried by the court and convicted of assault in the fourth degree. ORS 163.160. He assigns as error[1] the denial of his motion to exclude witnesses. OEC 615.

Opening statements were waived. The state's first witness was the mother of the 3-year-old alleged assault victim. After she gave her name and address, defendant moved to exclude the witnesses:

"[DEFENSE COUNSEL]: Your Honor, excuse me, I would like to have the witnesses excluded.

"[THE COURT]: Supposed to be before the start of the trial.

"[DEFENSE COUNSEL]: Yes, your Honor.

"[THE COURT]: I'll deny your motion."

The tape-recorded record does not indicate a response by the prosecutor to the motion.

*Former* ORS 45.510 (*repealed* Or Laws 1981, ch 892, § 98) provided:

"If either party requires it, the judge may exclude from the courtroom any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses."

When this case was tried, OEC 615 was in effect:

"At the request of a party the court may order witnesses excluded until the time of final argument, and it may make the order of its own motion. * * *."

■■ We have construed former ORS 45.510 "to require the exclusion of witnesses upon proper motion, absent a showing of good cause for not excluding them." *State v. Dickenson,* 9 Or App 357, 361, 497 P2d 374 (1972), *citing State v. Bishop,* 7 Or App 558, 492 P2d 509 (1972). OEC 615 is consistent with and does not change the holding in *Bishop* and *Dickenson.* There is nothing in the record showing good cause for not excluding the witnesses. It was error to deny the motion.

---

[1] The other assignments of error (denial of a motion to dismiss on the basis of an attempted civil compromise and failure *sua sponte* to grant a judgment of acquittal) are without merit.

■ ■      The decisive question is whether the error is harmless. "The practice of excluding witnesses is designed to prevent one witness being influenced, consciously or unconsciously, by hearing the testimony of prior witnesses." *State v. Bishop, supra,* 7 Or App at 565; *see also State v. Burdge,* 295 Or 1, 9, 664 P2d 1076 (1983). Because of the difficulty of showing actual influence, prejudice is assumed unless the record affirmatively reflects the contrary. *State v. Bishop, supra; State v. Dickenson, supra.* The court observed in *Bishop* that "[t]he best example of a record that would establish no possible prejudice is one in which the witnesses all testified to totally unrelated events." 7 Or App at 565.

■      In this case, four witnesses other than defendant were called to testify. The state's principal witness was the child's mother. She described the slapping and the injuries and testified that the child said, "Daddy hit me" and that he did not complain of pain. Next, a police officer testified concerning his observation of the child's injuries. Photographs showing the child's swollen and bloody lip and facial bruises were introduced. He testified the child said, "Daddy hit me" and that it hurt. Defendant's mother, as a defense witness, was not permitted to testify concerning the family's discipline procedures. Defense witness Hill testified that the child had a bruise on his cheek one and one-half weeks before the incident.

      The trial judge found beyond a reasonable doubt that the defendant intentionally caused physical injury to the child by striking the child with his hand. The overlapping testimony of the mother and the officer concerns the child's statement that his father hit him and the description of the injuries. Defendant did not contest either the occurrence or the description of the injuries. He admitted striking the child, arguing that the slap was justified as a disciplinary measure. He also concedes that the child was cut and bruised. He argued at trial and on appeal that the bloodied lip and bruising were not "physical injuries" within the meaning of ORS 163.160,[2]

---

[2] ORS 163.160(1)(a) provides:

    "(1) A person commits the crime of assault in the fourth degree if he:

    "(a) Intentionally, knowingly or recklessly causes physical injury to another
* * *."

because the child had chronic leukemia and he "automatically bruised and cut when hit." In these circumstances, the failure to exclude witnesses was harmless error. *See State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Affirmed.