**Larry CAMPBELL, Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 18945.**

United States Court of Appeals
Sixth Circuit.

July 10, 1969.

Cecil D. Branstetter, Nashville, Tenn., for appellant.

Thomas Dillard, Knoxville, Tenn., for appellee, J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on brief.

Before O'SULLIVAN, McCREE and COMBS, Circuit Judges.

COMBS, Circuit Judge.

Petitioner, Larry Campbell, was one of seven defendants charged in a five-count indictment with jury tampering in a prior criminal case involving one of those defendants, James R. Hoffa.

Campbell was named only in that count of the indictment charging that he and co-defendants Parks and Hoffa attempted to influence petit juror Gratin Fields. Following a joint trial involving six of the seven defendants, Campbell was convicted and sentenced to three years imprisonment. We affirmed in United States v. Hoffa et al., 349 F.2d 20 (6th Cir. 1965), aff'd, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Campbell subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This appeal is from the denial of that motion.

Relying on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), (*Bruton* declared retroactive), appellant alleges that the admission into evidence of certain extra-judicial statements of co-defendants made out of his presence denied him his Sixth Amendment right of confrontation and cross-examination of witnesses. Specific reference is made to only two such statements. The first was testified to by the witness Partin who stated that defendant Hoffa told him that he [Hoffa] had the Negro juror in his pocket, and that one of his business agents, Larry Campbell, came to Nashville and took care of it. The second statement was testified to by the witness Carl Fields, son of the Negro juror, who stated that defendant Parks told him he needed certain information because he had to make a call to Louisville by nine o'clock. This statement was significant due to other evidence placing appellant in Louisville at that time. The co-defendants, who later testified, denied the statements attributed to them.

The Supreme Court held in *Bruton* that admission of a co-defendant's confession in a joint trial violated the petitioner's right of cross-examination because of the substantial risk that the jury would look to the incriminating extra-judicial statements in determining petitioner's guilt, despite instructions to the contrary. However, we are of the

opinion that *Bruton* is not controlling under the circumstances existing here. In *Bruton*, the Court carefully limited its decision to those situations in which the right of cross-examination had been violated because the co-defendant's extra-judicial statement was *inadmissible* hearsay as regards the complaining defendant:

> "We emphasize that the hearsay statement inculpating petitioner was clearly inadmissible against him under traditional rules of evidence * * *. There is not before us, therefore, any recognized exception to the hearsay rule insofar as petitioner is concerned and we intimate no view whatever that such exceptions necessarily raise questions under the Confrontation Clause." Bruton v. United States, 391 U.S. at 128, n. 3, 88 S.Ct. at 1623.

The rationale of *Bruton* is thus expressly inapplicable here. We held in United States v. Hoffa, 349 F.2d at 41, that extra-judicial statements were *admissible* there under the exception to the hearsay rule allowing the admission of declarations of a fellow conspirator made in the course of and in furtherance of that conspiracy. The *co-conspirator exception* to the hearsay rule is a narrow but well-established exception which has been frequently sanctioned and scrupulously applied by the federal courts. Wong Sun v. United States, 371 U.S. 471, 491, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949); Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946). See United States v. Lyon, 397 F.2d 505 (7th Cir. 1968).

The question specifically reserved in *Bruton*, but squarely presented here, is whether the admission of these extra-judicial statements under an exception to the hearsay rule violated appellant's right of cross-examination. We hold that it did not.

We intimate no view that the admission of evidence under an exception to the hearsay rule can never raise questions under the confrontation clause. We hold only that the extra-judicial statements challenged by appellant were properly admitted into evidence since the statements fell squarely within the confines of the narrow co-conspirator exception to the rule.

Judgment affirmed.