**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Edward WELLS, Defendant-
Appellant.**

**No. 20332.**

United States Court of Appeals,
Sixth Circuit.

Feb. 8, 1971.

Bernard Burlingame, Parma Heights, Ohio, Court appointed, for defendant-appellant.

Jack B. Streepy, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee; Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, on brief.

Before McCREE, Circuit Judge, and MURRAH * and CECIL, Senior Circuit Judges.

CECIL, Senior Circuit Judge.

This is a direct appeal, from the United States District Court for the Northern District of Ohio, by George Edward Wells from a judgment of conviction on two counts of an indictment charging in count one transportation of stolen coins of the value of $5,000 or more from Middleburgh Heights, Ohio to Springfield, Illinois, knowing them to have been stolen, and in count two the sale and disposition of the same coins.

The principal assignment of error is that the trial judge erred in allowing the prosecution to confront the appellant's character witnesses on cross examination with current indictments in both Federal and State Courts.

Four character witnesses were called on behalf of the appellant. Two knew him while he was confined in the penitentiary. One could not answer the critical question that he had the means of knowing his reputation. The other had read in the paper that the appellant had been arrested. On this basis he changed his opinion that he had a good reputation. There was no objection to the statement that he had been arrested.

A third witness, Robert Turner, knew him where he worked in the State Department of Public Works. He was asked on cross-examination if he knew that the appellant had been arrested and indicted in the United States District Court for the Middle District of Florida for violating the Interstate Transportation of Forged Securities. He was also asked if he knew that the appellant had

---

* Honorable Alfred P. Murrah, of the Tenth Circuit Court of Appeals, sitting by designation.

been arrested and indicted by the Grand Jury of Cuyahoga County, Ohio for armed robbery that occurred on the 21st of October, 1967. No objection was made in the record by defense counsel. The witness testified that the knowledge of these arrests and indictments would not change his opinion that the appellant had a good reputation in the community for peace and quiet.

A fourth character witness, David B. Jones, was superintendent of the State Department of Public Works where the appellant worked and knew him in that capacity. Mr. Jones did not have the means of knowing the reputation of the appellant between 1967 and the present date.

■ The questions to which objection is now made were not objected to at trial and we do not think that in the light of all the character evidence they were prejudicial. We conclude that the questions were permissible under Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168, where the subject is thoroughly discussed. At p. 482, 69 S.Ct. at p. 221 the Court said, "A character witness may be cross-examined as to an arrest whether or not it culminated in a conviction, according to the overwhelming weight of authority." See also Shimon v. United States, 122 U.S.App.D.C. 152, 352 F.2d 449, 453.

■ Another question raised by the appellant is that the trial court erred in not sustaining a motion to suppress evidence of a coin collection found in the home of Roy Constiner on the ground of an illegal search in violation of the Fourth Amendment. The appellant was not present at the time of the search and the coins were not seized in premises where the appellant had any interest or right of control. He therefore had no standing to object to the search. Alderman v. United States, 394 U.S. 165, 171, 89 S.Ct. 961, 22 L.Ed.2d 176.

■ The appellant further objects to an alleged violation of the application of the exclusionary rule of witnesses. At the beginning of the trial counsel for the appellant asked that witnesses be excluded from the court room. The trial judge said that an order of separation of witnesses would be imposed. He said, "Are there any witnesses in the court room other than those seated inside the rail?" F.B.I. Agent Haworth sat at the counsel table throughout most of the trial and testified on the government's case in chief. Defense counsel objected to Haworth testifying. The trial judge overruled the objection saying, "The practice has been long-standing that in a criminal prosecution, state or federal, the prosecution is permitted to have a representative of the law enforcement agency that is actually prosecuting the accused present in the courtroom to assist the attorney representing the government agency." We understand this to be the rule and it is discretionary with the trial judge to allow the witness to testify. Powell v. United States, 208 F.2d 618, C.A.6; United States v. Garafolo, 385 F.2d 200, 207, C.A.7, vacated and remanded on other grounds, 390 U.S. 144, 88 S.Ct. 841, 19 L.Ed.2d 970, 396 F.2d 952.

■ The appellant objects to the introduction of a confession through the testimony of two F.B.I. special agents, Douds and Haworth. He claims that this was error because it was without the presence of a lawyer and was not signed by him. After the arrest of the appellant he was interviewed by Douds and Haworth in the jail at Cleveland. The record shows that preceding the interrogation he was orally advised of his rights by Agent Haworth. He was also given a form known as an "Interrogation Advice of Rights Form" which is used to advise a suspect of his rights prior to interview. This form was signed by the appellant. It was marked Government's Exhibit One and was identified by Douds. It is not in the record before us and since there is no claim that it does not fully advise the appellant of his rights we assume that it does.

■ With these preliminaries the appellant freely answered the questions of

the F.B.I. agents. There was no signed written statement and the agents testified orally to their interview with the appellant. The information Wells gave to the F.B.I. agents was substantially the same as he himself gave in his testimony at the trial. We find no error to the admission at the trial of Wells' oral confession.

There is no merit to Wells' objection that he was identified as the fourth man in the robbery by government counsel in his closing argument.

Affirmed.