**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Everette BROWN and Thomas Dean Smith, Defendants-Appellants.**

**No. 71-1188.**

United States Court of Appeals,
Sixth Circuit.

Dec. 20, 1971.

---

Harry H. McIlwain (Court Appointed), Cincinnati, Ohio, for appellants.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for appellee.

Before EDWARDS, McCREE, and MILLER, Circuit Judges.

McCREE, Circuit Judge.

We consider appeals from convictions of conspiracy to steal merchandise of the value of $5,000 or more, to transport it in interstate commerce, and to conceal it, and of the substantive offense of transporting the goods from Ohio to Kentucky knowing them to have been stolen, in violation of 18 U.S.C. §§ 2314 and 2315. Appellants had been indicted in a three-count indictment which charged (1) that Brown, Smith, and one Clinton Knuckles conspired from June 12 through August 28, 1970, that Brown and Smith would steal merchandise from the warehouse of the Central Jobbing Co., Cincinnati, Ohio, and transport it to Manchester, Kentucky, where it would be knowingly received by Knuckles; (2) that Brown and Smith transported the merchandise; and (3) that Knuckles knowingly received and concealed it. Without objection, Knuckles' trial was severed from that of appellants. A jury convicted both appellants, who received identical concurrent five-year sentences on each of the first two counts.

The appeal presents issues concerning the admission against Smith and Brown of evidence seized at Knuckles' store pursuant to an illegal search warrant, and of the admission of the portions of the confessions of Brown and Smith in which each incriminated the other although neither elected to testify. Appellants contend that the cautionary instruction limiting to the conspiracy count the applicability of the part of each confession which incriminated the other defendant was erroneous, and, if correct, was incapable of eliminating the prejudicial effect.

We determine that no error was committed in the admission against appellants of the evidence seized under the il-

legal search warrant. Although we agree that the District Court violated the teaching of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), in admitting the confessions, we affirm because the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1968). This determination requires us to set forth the evidence in somewhat greater than usual detail.

Appellants were employed by Central Jobbing Co., a Cincinnati-based business enterprise which operated 12 retail outlets in Ohio, Kentucky, and Virginia where it sold bargain-priced clothing, shoes, and housewares. It also sold to independent retailers. The central warehouse in Cincinnati was managed by appellant Brown, who was entrusted with keys to the building. Smith was a truck driver. The business had experienced losses of about $60,000 attributed to pilferage during each of the two years immediately prior to 1970, and many employees were under suspicion. About August 18, 1970, Central Jobbing's supervisor retrieved a slip of paper that Brown had dropped from his pocket and discovered that it was a list of warehouse merchandise with prices juxtaposed at about ten percent of wholesale costs. The total inventory listed and priced by Brown in this manner amounted to $2,200.00. The supervisor estimated that the lowest total wholesale price for these items would have been about $6,400.00, and that the market price, about $10,000. The list was turned over to the company president and the Hamilton County Police were advised. Surveillance of the warehouse was established that same day, and, shortly after 4:00 p.m., Hamilton County Sheriff's officers observed Brown and Smith wheeling two-wheeled carts loaded with merchandise from the warehouse to a U-Haul van which Brown had rented. A sheriff's officer took photographs of both appellants as they were so engaged. At about 5:00 p.m. they completed the loading and drove away only to be arrested after having traveled a short distance from the warehouse premises. Each was advised of his constitutional rights concerning custodial interrogation, and each confessed fully that he had stolen these wares and others on prior occasions and had transported them to Knuckles' Dollar Store in Manchester, Kentucky. Mr. Giller, Central's President, was called to the scene of the arrest and determined that the goods had a value of $6,500.00.

Advice of this arrest was telephoned to the Kentucky State Police and the Federal Bureau of Investigation in Kentucky, and both agencies were told that Knuckles' Dollar Store had been identified as the outlet for the stolen merchandise. Manchester, Kentucky, police officers then recalled that on prior occasions in June and July 1970, they had observed men, whom they later identified as Brown and Smith, unload cartons from a U-Haul truck at Knuckles' emporium after midnight. FBI Agent George Alff entered Knuckles' store and saw several boxes, in plain view, bearing a Central Jobbers Co. stencil. Later a search was made pursuant to a search warrant which was invalid. The issuing Manchester City Police Judge had signed the warrant in blank without observing whether "there was anybody's name on the affidavit or not" and had not administered an oath to the affiant. This search produced a quantity of Central Jobbers merchandise sufficient to fill two forty-foot moving vans. Its retail value was estimated as exceeding $100,000.

Knuckles' motion to quash the fruits of this search was granted but that of appellants was denied. This ruling was correct because appellants claimed no possessory or proprietary rights in the goods or in Knuckles' store, and it is clear that they cannot assert the Fourth Amendment right of another. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969);

United States v. Wells, 437 F.2d 1144 (6th Cir. 1971).

The foregoing evidence was uncontroverted and would appear to establish the classic open-and-shut case, but, inexplicably, the United States Attorney insisted on introducing the portions of each appellant's confession which implicated the other, contrary to the teaching of Bruton v. United States, *supra*. Thus, the District Court was required to make the ruling which presents the only substantial issue on appeal.

The court was aware of our ruling in Campbell v. United States, 415 F.2d 356 (6th Cir. 1969), that admission of statements which fall within the co-conspirator exception to the hearsay rule does not deny the Sixth Amendment right of confrontation and cross-examination, and ruled that the jury could not consider these statements "as to the charge contained in Count 2 [the substantive offense] of the indictment."

 Objection was made on the ground that there had been no showing that the statements were made to promote the objects of the conspiracy, but the court required only a showing of the existence of the conspiracy as a predicate for admissibility.[1] Accordingly, the admission of the cross-inculpating declarations violated both the hearsay rule and Bruton with reference to both counts of the indictment.

Nevertheless, we have concluded that the proof of guilt is so overwhelming that the error was harmless. As the opinion of the Court recited in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), "[i]t is so overwhelming that unless we say that no

violation of Bruton can constitute harmless error, we must leave this . . . conviction undisturbed."

Affirmed.

---

1. MR. McILWAIN:
   Where there is a conspiracy, don't you contemplate statements by conspirators in the furtherance of the conspiracy rather than a confession made at a later time after the conspiracy has ended?

THE COURT:
I think once they showed conspiracy, that any matter that's relevant would be admissible, assuming all other requirements of competency are met, because this is the way these things are. Gentlemen, I believe that's what the case law requires.