**Ronald Raymond BOONE, Petitioner-Appellant,**

v.

**Ronald C. MARSHALL, Respondent-Appellee.**

No. 84–3536.

United States Court of Appeals, Sixth Circuit.

Argued March 5, 1985.

Decided April 29, 1985.

William R. Zimmerman, argued, Sidney, Ohio, for petitioner-appellant.

Christine Manuelian, argued, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before MERRITT and KENNEDY, Circuit Judges, and WEICK, Senior Circuit Judge.

WEICK, Senior Circuit Judge.

Petitioner, Ronald Raymond Boone, has appealed to this court from the judgment of the United States District Court for the Southern District of Ohio, Western Division, denying his petition for a writ of habeas corpus, which is reported at 591 F.Supp. 172 (1984).

Boone had been indicted by the Grand Jury in the Montgomery County, Ohio, Common Pleas Court, on charges of aggravated murder, aggravated burglary, and aggravated robbery of Simeon K. Glasscock, in violation of Ohio Revised Code §§ 2903.01(B), 2911.11(A)(3) and 2911.-

01(A)(2), respectively. Boone waived his right to a trial by jury and was tried by the court. At the conclusion of his bench trial, Boone was found guilty of all three offenses. The trial judge imposed concurrent sentences on Boone of life imprisonment for aggravated murder and seven (7) to twenty-five (25) years for aggravated robbery to be served consecutive to the life sentence.

The victim was an 86-year-old man who wore a hearing aid. He was severely beaten to death by Boone with bruises about his face, eyes and entire body, fractures of nine ribs on the left side of his chest and a fractured skull. Boone later admitted to his co-conspirators that he killed the old man so that there would be no witnesses to the robbery as other criminal charges were pending against Boone.

Boone appealed from his conviction to the Court of Appeals of Montgomery County, Ohio, Second District, where his conviction was affirmed. The Supreme Court of Ohio denied Boone's motion for leave to appeal to that court.

At petitioner's bench trial in the Common Pleas Court, the trial judge admitted testimony concerning statements made by petitioner's brother, John Boone, which implicated petitioner as the murderer of the decedent. These statements were made by John Boone to co-conspirators of petitioner who testified against petitioner. John Boone was not called as a witness to testify in the case by either the state or the prosecution nor does the record show that he offered to testify. Of course, if anyone had called upon him to testify he could have declined to do so on the ground of self-incrimination.

The trial judge stated in support of his decision to admit the statements:

During the course of trial, of course, the Court permitted the testimony under Evidence Rule 803 Subsection 2, what is commonly designated as the excited utterance exception to hearsay rule. In further reflection, there is a serious question in the Court's mind as to whether this is even hearsay. Under Evidence

Rule 803—I'm sorry—under Evidence Rule 801(D)(2)(e)—that completes the reference——the status of the record by direct evidence would support a finding that there was, in fact, a conspiracy involved among the five participants shown by the evidence. In addition, there was an overt act or overt acts and, therefore, the Court has entertained serious question as to whether or not those statements by John Boone were even hearsay under Evidence Rule 801, but even assuming for the purpose of this decision that these statements were hearsay, the Court is still of the conviction that it would be within the exception set forth in 803 Subsection 2, excited utterances.

In the state Court of Appeals, appellant Ronald Raymond Boone's first assignment of error was that the trial court erred in admitting the out of court statements of his brother John in evidence as they constituted hearsay evidence. The state Court of Appeals held that the evidence in the case established a conspiracy and that the statements were made in the course of and in furtherance of the conspiracy. Accordingly, they were within the co-conspirator exception to the hearsay rule and, therefore, admissible evidence. The court overruled the first assignment of error.

The second assignment of error involved the question of whether the out of court statements admitted in evidence violated the Confrontation Clause of the Constitution. The Court of Appeals held that a violation had been established, relying on *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The Court then considered the issue of whether the violation of Boone's constitutional rights was harmless error and held that in view of the overwhelming evidence in the case establishing guilt that the constitutional error was harmless beyond a reasonable doubt, relying on *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The state Court of Appeals

thus overruled this assignment of error and affirmed the judgment of conviction.

The district court, in ruling on the petition for a writ of habeas corpus, agreed "that Petitioner's Sixth Amendment right of confrontation was violated by the trial court's admission of the testimony at issue herein." 591 F.Supp. at 175. We disagree. The Ohio courts held that the testimony was admissible under Rule 801(D)(2)(e) of the Ohio Rules of Evidence as "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." Since the relevant portion of the Ohio rule is identical to Rule 801(d)(2)(E) of the Federal Rules of Evidence, the testimony was also admissible under the federal rule. This Court has held that evidence admitted as a co-conspirator's statement under this rule automatically satisfies the Sixth Amendment requirements. *United States v. McLernon*, 746 F.2d 1098, 1106 (6th Cir.1984); *United States v. Marks*, 585 F.2d 164, 170 n. 5 (6th Cir.1978); *United States v. McManus*, 560 F.2d 747, 750 (6th Cir.1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 798 (1978); *Campbell v. United States*, 415 F.2d 356, 357 (6th Cir.1969). The holding of the district court in this case would effectively nullify both the Ohio and the federal rules. Accordingly, the admission of John Boone's statements was not violative of the Confrontation Clause.

Even if, arguendo, the admission of the statements was constitutional error, we agree with the district court that the error was harmless beyond a reasonable doubt given the overwhelming evidence in the case establishing petitioner's guilt. *United States v. Hastings*, 461 U.S. 499, 506, 103 S.Ct. 1974, 1975, 76 L.Ed.2d 96 (1983); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The district court was correct in denying the petition for a writ of habeas corpus. The judgment of the district court, as herein modified and corrected, is affirmed.