OPINION
{¶ 1} Appellant Gary Lee Alexander appeals his conviction, in the Muskingum County Court of Common Pleas, for one count of trafficking in cocaine in an amount exceeding five (5) grams but less than ten (10) grams, a felony of the third degree in violation of R.C. 2925.03(A)(1). The appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} Leniese Portis-Ester became a paid confidential informant for the Muskingum County Sheriff's Office after she faced possible criminal charges as a result of her arrest for two counts of trafficking in drugs in February, 2003. The Muskingum County Sheriff's Office compensated appellant for her services.
 {¶ 3} Prior to the drug buy in appellant's case, she was thoroughly searched. There was conflicting testimony as to whether the police searched her vehicle. The police provided her with photocopied money that she used to make the drug buy. (T. at 151; 152). The police also wired Portis-Ester with a microphone and transmitting device which permitted them to listen and record the transaction. The police also employed a videotape camera to record aspects of the events occurring outside the apartment building. The police followed Portis-Ester, in an unmarked vehicle, and met her after the transaction was completed. Following completion of a drug buy, the police retrieved the drugs from Portis-Ester and searched her person as well as her vehicle.
 {¶ 4} The drug buy that is the subject of this appeal occurred on May 27, 2003. The residence in question is the residence of David Smart located at 1146½ Greenwood Avenue, Zanesville, Ohio. The intended target of the drug buy was appellant. Prior to Portis-Ester going to the residence, Detective Mike Ryan, Deputy Stephanie Gee, and Detective Todd Kanavel met with Portis-Ester and provided her with three hundred fifty dollars ($350.00) dollars of photocopied money and searched her person and vehicle. The officers also outfitted Portis-Ester with a microphone so they could listen and record the transaction.
 {¶ 5} The officers followed Portis-Ester as she drove to the residence on Greenwood Avenue. The officers parked in view of the residence. Although the officers were not able to observe the transaction which occurred inside the apartment they recognized the two people on the street outside the residence in question. Thereafter, Portis-Ester testified that she gave appellant two hundred eighty dollars ($280.00) dollars and appellant held up three fingers. Portis-Ester gave appellant an additional twenty dollars ($20.00). Appellant then gave Portis-Ellis 5.2 grams of crack cocaine.
 {¶ 6} Following the drug buy, Portis-Ellis returned to her vehicle and met the officers at the predetermined location. Portis-Ellis gave the crack cocaine to the officers, along with the extra fifty dollars ($50.00). The officers once again searched her person and vehicle.
 {¶ 7} On September 4, 2003, the Muskingum County Grand Jury indicted appellant for one count of trafficking in cocaine. Appellant entered a plea of not guilty. Appellant waived a jury trial and this matter proceeded to a trial to the court. Following the presentation of evidence, the court found appellant guilty.
 {¶ 8} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 9} "I. The trial court erred in failing to sanction todd kanavel for his violation of the letter and spirit of the separation/exclusion of witnesses rule and for threatening the only defense witness.
 {¶ 10} "II. The trial court erred in admitting state's exhibit 1 over defense objections.
 {¶ 11} "III. The conviction was against the manifest weight of evidence.
 {¶ 12} "IV. The conviction was not supported by legally sufficient evidence."
 I. {¶ 13} In his first assignment of error, appellant maintains that the trial court erred in failing to sanction a State witness for remaining in the courtroom during trial and for approaching and conversing with a defense witness. We disagree.
 {¶ 14} At the outset, we would note that appellant does state what "sanction" the trial court erred by failing to impose. Nor does he allege that he was denied due process or a fair trial.
 {¶ 15} In the case at bar, only the attorney for the State moved for a separation of witnesses, appellant's trial counsel did not join in the motion. (T. at 5). In ruling on the motion, the court stated "in the event any spectator comes into the courtroom, if they expect to testify, then they will have to remain in the outer hallway." (Id.). Neither party requested additional orders. Appellant's trial counsel did not object or move for a mistrial on the basis of the Detective's contact with Mr. Smart.
 {¶ 16} Because no objection was made to the testimony of Detective Kanavel at the trial level, we must review this error under the plain error standard.
 {¶ 17} Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 18} In U.S. v. Dominguez Benitez (June 14, 2004),124 S.Ct. 2333, 159 L.Ed.2d 157, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. SeeArizona v. Fulminante, 499 U.S. 279, 309 — 310 (1991) (giving examples).
 {¶ 19} "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. See Kotteakos v. United States,328 U.S. 750 (1946). To affect "substantial rights," see 28 U.S.C. § 2111, an error must have "substantial and injurious effect or influence in determining the . . . verdict." Kotteakos, supra, at 776." Id. at 2339. See, also, State v. Barnes (2002),94 Ohio St.3d 21, 759 N.E.2d 1240.
 {¶ 20} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v.Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; State v.Perry (2004), 101 Ohio St.3d 118, 120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'" State v. Barnes
(2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 21} Evid. R. 615 states: "(A) Except as provided in division (B) of this rule, at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. An order directing the "exclusion" or "separation" of witnesses or the like, in general terms without specification of other or additional limitations, is effective only to require the exclusion of witnesses from the hearing during the testimony of other witnesses.
 {¶ 22} "(B) This rule does not authorize exclusion of any of the following persons from the hearing:
 {¶ 23} "(1) a party who is a natural person;
 {¶ 24} "(2) an officer or employee of a party that is not a natural person designated as its representative by its attorney;
 {¶ 25} "(3) a person whose presence is shown by a party to be essential to the presentation of the party's cause;
 {¶ 26} "(4) in a criminal proceeding, a victim of the charged offense to the extent that the victim's presence is authorized by statute enacted by the General Assembly. "As used in this rule, "victim" has the same meaning as in the provisions of the Ohio Constitution providing rights for victims of crimes."
 {¶ 27} The exclusion of witnesses from the courtroom is within the sound discretion of the trial judge, and the exercise of that discretion will not be disturbed absent clear abuse.E.g., DeRosier v. United States (8th Cir. 1969),407 F.2d 959, 961; Powell v. United States (6th Cir. 1953),208 F.2d 618, 619; cert. denied, 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104
(1954). No abuse of discretion existed here for it is well settled that the prosecution is permitted to have a representative of the agency that is actually prosecuting the accused present in court to advise counsel for the government, even though that person also testifies as a witness. UnitedStates v. Martin (6th Cir. 1990), 920 F.3d 393; UnitedStates v. Wells (6th Cir. 1971), 437 F.2d 1144, 1146;Schoppel v. United States (4th Cir. 1959), 270 F.2d 413,416-417; Powell v. United States, supra; State v. Remy,
4th Dist No. 03CA2731, 2004-Ohio-3630 at ¶ 74.
 {¶ 28} The Staff notes to Evid. R. 615 provide "[t]he amendment rejects an `implicit-terms' approach and adopts instead the narrower rule employed by several Ohio courts and by what appears to be a majority of other jurisdictions that have addressed the question. Under this rule, generally-stated or `bald' separation orders are effective only to order the exclusion of witnesses from the courtroom during the testimony of other witnesses. See, e.g., State v. Rogers (Ohio App., 4th Distr., Nov. 15, 2000), unreported, 2000 WL 1728076, at *6-*7,app. Dism. (2001), 91 Ohio St. 3d 1471. See also U.S. v.Rhynes (4th Cir. 2000), 218 F.3d 310, 321 n. 13 (en banc);State v. Brown (Conn.App. 1999), 741 A.2d 321, 325; In reH.S.H. (Ill.App. 2001), 751 N.E.2d 1236, 1241-1242. A separation order does not forbid other conduct by witnesses, such as being present during opening statements or discussing the case with other witnesses outside the courtroom. To the extent that a trial court, in the exercise of its discretion, determines to order forms of separation in addition to exclusion, it remains free to do so, but it can do so only by making the additional restrictions explicit and by giving the parties notice of the specific additional restrictions that have been ordered. Notice to the parties is required because, with the exception of contempt, sanctions for violation of the rule tend to have their greatest effect on the parties, rather on the witnesses".
 {¶ 29} Where the court seeks to exclude a witness for violating a separation order, there must be a showing that the party calling the witness consented to, connived in, procured or had knowledge of the witness' disobedience. State v. Smith
(1990), 49 Ohio St.3d 137, 142, 551 N.E.2d 190, 195. No such argument has been advanced by appellant in the case at bar. We are not prepared to say that such out of court conduct is prejudicial to a defendant's right to a fair trial as a matter of law.
 {¶ 30} In the case at bar, the witness for the defense testified at trial that no sales of cocaine occurred in the apartment by either himself or the appellant. (T. at 244-45). Appellant has not shown that the testimony of the witness was affected by his out-ofcourt encounter with the officer. See,e.g. State v. Smith (Oct. 25, 1983), 2nd Dist. No. 8228. It is clear that the officer did not make any threats or promises but simply sought to insure that the witness had fully considered his testimony. We find that appellant's substantial rights were not affected. State v. Clark (1974), 40 Ohio App.2d 365,319 N.E.2d 605; State v. Daniel (July 22, 1983), 3rd Dist. No. 1-82-5.
 {¶ 31} Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 32} In his second assignment of error, appellant argues that the trial court erred in admitting the drugs into evidence because a proper chain of custody was not established by the State. We disagree.
 {¶ 33} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St. 3d 173, 510 N.E. 2d 343. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e., unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St. 2d 151, 157,404 N.E.2d 144.
 {¶ 34} "Authentication `is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.' Evid.R. 901(A). The possibility of contamination goes to the weight of the evidence, not its admissibility. `A strict chain of custody is not always required in order for physical evidence to be admissible.' State v.Wilkins (1980), 64 Ohio St.2d 382, 389, 18 O.O.3d 528, 532,415 N.E.2d 303, 308; see State v. Downs (1977), 51 Ohio St.2d 47,63, 5 O.O.3d 30, 38, 364 N.E.2d 1140, 1150." State v. Ritchey
(1992), 64 Ohio St.3d 353, 360, 595 N.E.2d 915, 923 overruled on other grounds, State v. McGuire (1997), 80 Ohio St.3d 390,402-404, 686 N.E.2d 1112. Moreover, a chain of custody can be established by direct testimony or by inference. State v.Conley (1971), 32 Ohio App.2d 54, 60, 288 N.E.2d 296, 300. The issue of whether there exists a break in the chain of custody is a determination left up to the trier of fact. Columbus v. Marks
(1963), 118 Ohio App. 359, 194 N.E.2d 791. Any breaks in the chain of custody go to the weight afforded to the evidence, not to its admissibility. Id.
 {¶ 35} Here, the crack cocaine offered at trial, and about which testimony was offered, was sufficiently identified. The confidential informant testified that the appellant handed her the drugs and she handed him the money. (Id. at 71). She further testified that she gave the drugs to Detective Ryan. (Id. at 72; 138). Detective Mike Ryan testified that the confidential informant gave him the drugs after the buy. (T. at 13; 21; 31). He placed it into a plastic bag and placed his evidence tag on it. (Id. at 15; 23). Detective Ryan testified that he did not alter, change, destroy or otherwise tamper with the drugs. (Id.). After tagging the evidence he placed it into evidence at the Muskingum County Sheriff's Office. (Id.). Tim Hartmeyer, the evidence technician at the Muskingum County Sheriff's office testified that he received the drugs in question from Detective Ryan. (Id. at 187-189). Mr. Hartmyer also placed a tag with his initials on the bag. (Id. at 189). Mr. Hartmeyer further testified that the evidence was shipped, tested and repackaged for chemical analysis. (Id.). The state's expert testified that he performed the analysis on the contents of the bag, which tested positive for crack cocaine. (Id. at 199).
 {¶ 36} From the foregoing, it is evident that a proper chain of custody was established. State v. Blevin (1987),36 Ohio App.3d 147, 150, 521 N.E.2d 1105, 1110. Even if direct testimony did not affirmatively establish the identity of the substance, such identity could be established inferentially. Id.; State v.Conley (1971), 32 Ohio App.2d 54, 62, 61 O.O.2d 50, 55,288 N.E.2d 296, 301.
 {¶ 37} Accordingly, appellant's second assignment of error is overruled.
 III IV. {¶ 38} In his third and fourth assignments of error, appellant maintains the verdict was against the sufficiency and manifest weight of the evidence.
 {¶ 39} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St. 3d 259.
 {¶ 40} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 41} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins
(1997), 78 Ohio St. 3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 42} To find the appellant guilty of trafficking in drugs in violation of R.C. 2925.03(A) (1) as alleged in the indictment the trier of fact, in this case the trial court, would have to find that appellant sold or offered to sell a controlled substance in an amount equal to or exceeding five (5) grams but less than ten (10) grams.
 {¶ 43} The state offered sufficient evidence, if believed by the trier of fact, to establish beyond a reasonable doubt that appellant sold or offered to sell crack cocaine in an amount exceeding five (5) grams but less than ten (10) grams. The confidential informant testified that the appellant handed her the drugs and she handed him the money. (Id. at 71). She further testified that she gave the drugs to Detective Ryan. (Id. at 72; 138). Tim Hartmeyer, the evidence technician at the Muskingum County Sheriff's office testified that he received the drugs in question from Detective Ryan. (Id. at 187-189). The state's expert testified that he performed the analysis on the contents of the bag, which tested positive for crack cocaine. (Id. at 199). He further testified that the weight of the crack cocaine was 5.2 grams. (Id. at 200).
 {¶ 44} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crime of trafficking.
 {¶ 45} We hold, therefore, that the state met its burden of production regarding each element of the crime of trafficking and, accordingly, there was sufficient evidence to support appellant's conviction.
 {¶ 46} Appellant's arguments going to the manifest weight of the evidence are simply attacks on the credibility of the confidential informant. Her testimony and its credibility were for the trier of fact to weigh and determine. Although appellant presented impeachment evidence concerning the confidential informant, the testimony of David Smart and cross-examined the confidential informant and the other State witnesses regarding inconsistencies in the testimony of each to contradict the State's inference that he engaged in trafficking, the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness' credibility. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St. 3d 259,574 N.E. 2d 492.
 {¶ 47} We conclude the trial court, sitting as the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant engaged in selling or offering to sell a controlled substance in an amount exceeding five (5) grams, but less than ten (10) grams. R.C. 2925.03(A) (1). Accordingly, appellant's conviction for trafficking was not against the manifest weight of the evidence.
 {¶ 48} Appellant's third and fourth assignments of error are overruled. {¶ 49} For the foregoing reasons, the judgment of the Muskingum County Court of Common Pleas, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.